## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas ,
FILED

JUL 3 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; and LUIS ALBERTO ESCOBEDO VIERA and JOSE VIERA ESCOBEDO<br>**Plaintiffs**<br><br>VS.<br><br>FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. and WAL-MART STORES, INC. d/b/a SAM'S WHOLESALE CLUB | §§§§§§§§§§§§§§§§§ |

B-03-135

CIVIL ACTION NO._____
(DIVERSITY)

## NOTICE OF REMOVAL OF ACTION UNDER
## 28 U.S.C. § 1441(B) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that **Defendant Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club** hereby removes  to this Court the state court action described below.

1.       On May 29, 2003, an action was commenced in the 357th Judicial District Court of the State of Texas in and for the County of Cameron, entitled, Febriona Viera Escobedo, Individually And As Representative of Jose Angel Escobedo Rodriguez, Deceased; and Luis Alberto Escobedo Viera and Jose Viera Escobedo, Plaintiffs vs. Ford Motor Company, Michelin North America, Inc. and Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club, Defendants, as Cause Number 2003-05-2758-E, *hereto attached as Exhibit "A".*

2.    The first date upon which Defendant received a copy of the said complaint was July 7, 2003, when Defendant was served with a copy of the said complaint and a summons from the said State Court.  A copy of the summons is *attached hereto as Exhibit "B"*. The following constitutes all of the process, pleadings, and orders served upon Plaintiffs and Defendant in this action.

      1.    Plaintiff's Original Petition;

      2.    Copy of  Return Citation of Defendant Wal-Mart Stores, Inc.; and.

      3.    Defendant Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club's Original Answer.

3.    This action is a civil action of which these Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to these Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.    Defendant is informed and believes that Plaintiffs Febriona Viera Escobedo, Individually And As Representative of Jose Angel Escobedo Rodriguez, Deceased; and Luis Alberto Escobedo Viera and Jose Viera Escobedo were and still are citizen(s) of the State of Texas and/or the Country of Mexico. Defendant Wal-Mart Stores, Inc. was, at the time of the filing of these action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of Arkansas, and is the only Defendant that has been served summons and complaint in this action.

DATED: July 31, 2003.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4644 Telephone
956/428-4880 Facsimile

Jaime A. Drabek
Fed. Id. No. 8643
Counsel for Defendant Wal-Mart Stores, Inc.
d/b/a Sam's Wholesale Club

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on these the _____ 31st _____ day of July, 2003, a true and correct copy of the foregoing instrument was sent to all counsel of record by Facsimile, Certified Mail, Return Receipt Requested and/or hand delivery, to wit:

Mr. Ray R. Marchan
Watts Law Firm, L.L.P.
1926 East Elizabeth
Brownsville, Texas  78520

Mr. Mikal C. Watts
Watts Law Firm, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas  78478

Mr. Jaime A. Saenz
Rodriguez, Colvin & Chaney
1201 E. Van Buren Street
Brownsville, Texas  78522

Jaime A. Drabek

## INDEX OF DOCUMENTS
## FILED WITH REMOVAL ACTION

A.    Plaintiff's Original Petition

B.    Copy of Return Citation of Defendant Wal-Mart Stores, Inc.

C.    Defendant Wal-Mart Stores, Inc. d/b a Sam's Wholesale Club's Original Answer

## LIST OF ATTORNEYS/PARTIES

1.    Attorney for the Plaintiffs:

Mr. Ray R. Marchan
Watts Law Firm, L.L.P.
1926 East Elizabeth
Brownsville, Texas   78520
(956) 544-0500
(956) 541-0244 (fax)

Mr. Mikal C. Watts
Watts Law Firm, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas   78478
(361) 887-0500
(361) 887-0005 (fax)

2.    Attorney for the Defendant, Wal-Mart Stores, Inc. dba Sam's Wholesale Club:

Mr. Jaime A. Drabek
Drabek & Associates
1720 E. Harrison, Suite B
Harlingen, Texas 78550
(956) 428-4544 Telephone
(956) 428-4880 Facsimile

3.    Attorney for the Defendant, Ford Motor Company

Mr. Jaime A. Saenz
Rodriguez, Colvin & Chaney
1201 E. Van Buren Street
Brownsville, Texas   78522
(956) 542-7441
(956) 541-2170 (fax)

## AFFIDAVIT

THE STATE OF TEXAS    §

COUNTY OF CAMERON    §

**BEFORE ME**, the undersigned authority, on this day personally appeared JAIME

A. DRABEK of Harlingen, Cameron County, Texas, who being by me duly sworn, deposes

and says that he is an attorney for Defendant Wal-Mart Stores, Inc. dba Sam's Wholesale

Club in the present cause filed by Febriona Viera Escobedo, Individually And As

Representative of Jose Angel Escobedo Rodriguez, Deceased; and Luis Alberto Escobedo

Viera and Jose Viera Escobedo; that he has been authorized to make this Affidavit; and

that he has read the foregoing Notice of Removal and knows the contents thereof, and that

the matters and facts therein contained are true and correct.

FURTHER AFFIANT SAYETH NOT.

JAIME A. DRABEK, AFFIANT

**SWORN TO AND SUBSCRIBED** before me on this the  31st  day of July, 2003.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



## CAUSE NO. <u>2003-05-2758-E</u>

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE ANGEL ESCOBEDO | § | |
| RODRIGUEZ, DECEASED; and | § | |
| LUIS ALBERTO ESCOBEDO VIERA | § | |
| and JOSE VIERA ESCOBEDO | § | |
| **Plaintiffs** | § | CAMERON COUNTY, TEXAS |
| | § | |
| **VS.** | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| and WAL-MART STORES, INC. d/b/a | § | |
| SAM'S WHOLESALE CLUB | § | 357TH JUDICIAL DISTRICT |

### DEFENDANTS WAL-MART STORES, INC. D/B/A
### SAM'S WHOLESALE CLUB'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC. D/B/A SAM'S WHOLESALE CLUB**, Defendant in the above styled and numbered cause of action and files this their Original Answer to Plaintiff's Original Petition and would respectfully show unto the Court as follows:

**I.**

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiffs be required to prove their charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.



WHEREFORE, PREMISES CONSIDERED, Defendant pray that it be released, discharged and acquitted of the charges filed against them, that Plaintiffs take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which it will forever pray.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4880 Facsimile

JAIME A. DRABEK
State Bar No. 06102410
*Attorneys for Defendant WAL-MART STORES, INC. D/B/A SAM'S WHOLESALE CLUB*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all interested parties of record by certified mail, return receipt requested, on this the ___28th___ day of July, 2003, to-wit:

Mr. Ray R. Marchan                    *CMRRR# 7002-0860-0004-8097-1501*
Mr. Mikal C. Watts                     *& Via Fax No. 956/ 541-0255*
**Watts Law Firm**
1926 E. Elizabeth
Brownsville, Texas  78520

Jaime A. Drabek

CAUSE NO. _2003-05 2758-E_

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO | § § § § § § § § § | IN THE DISTRICT COURT |
| | § § § § | CAMERON COUNTY, TEXAS |
| VS. | § § § | |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. DBA SAM'S WHOLESALE CLUB | § § § § | 857th JUDICIAL DISTRICT |

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAY 2 9 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

*Called Marchan + they are going to send me the accident report*

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS

REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ;

AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO,

complaining of FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC.

AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB Defendants

herein, and for their cause of action, would show the court as follows:

1.

## DISCOVERY TRACK

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs

DISCOVERY TRACK

Pursuant to Rules 190.1 and 190.4 of the Texas Rules    Civil Procedure, Plaintiffs allege that this case should be conducted under Level 3 of the Discovery Control Plan. Plaintiffs will seek an agreed order or other court order to this effect.

## 2.

## THE PLAINTIFFS

1

2.1    Plaintiff Febriona Viera Escobedo Individually and as Representative of the Estate of Jose Angel Escobedo is the surviving spouse of the decedent Jose Angel Escobedo and is the biological mother and brings suit herein in her individual capacity, as well as in her capacity as the surviving spouse of Jose Angel Escobedo and for and on behalf of all those entitled to recover for his death under the Texas Wrongful Death Act and Texas Survival Statutes.

2.2    Plaintiffs Luis Alberto Escobedo Viera, Jose Enrique Viera Escobedo and are the biological sons of Jose Angel Escobedo and bring suit in their individual capacities for the death of their father.

## 3.

## DEFENDANTS

3.1    Defendant Ford Motor Company is a Delaware corporation, doing business in Texas, and can be duly served with process by serving its agent for service CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75210.

3.2    Defendant Michelin North America, Inc.is a corporation doing business in the State of Texas and may be duly served with process by serving its agent for service, C. T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

3.3    Defendant WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB is a corporation duly authorized to conduct business in the State of Texas and may be served with process at Corporation Service Company, 800 Brazos, Austin, Texas 78701.

4.

## 4.

## VENUE

4.1    Venue is proper in Cameron County pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Defendant Walmart Stores, Inc. dba Sam's Wholesale Club's acts complained of occurred in Cameron County, Texas.

2

## 5.

## JURISDICTION

5.1    Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas, and this Court has personal jurisdiction over Defendants. Plaintiffs seek damages in excess of the minimum jurisdictional limits of this Court and of the $75,000 jurisdictional limits of the federal courts.

## IV. BACKGROUND FACTS

4.1    This suit arises out of a vehicular collision occurring on or about July 19, 2002, involving a 1994 Ford Ranger XLT (V.I.N. IFTCRIOAXRPBB96146) being driven by Juan Rangel Espinoza wherein Jose Angel Escobedo was a passenger. The said 1994 Ford Ranger XLT was northbound on a highway. All of a sudden and without warning the Ford vehicle began to go out of control and rolled over causing the injuries and resulting death to **Jose Angel Escobedo**.

## CAUSES OF ACTION AGAINST FORD

### VII.
### Product Liability

7.1    The Ford Ranger Pickup (VIN 1FTCR10AXRPB96146) in question was originally designed, manufactured, assembled, and sold by Ford.

7.2    At the time the vehicle in question was sold, Ford was in the business of designing, manufacturing, and selling vehicles such as the one in question. Ford is thus the "manufacturer" of the 1994 Ford Ranger Pickup in question within the meaning of

designing, manufacturing and selling vehicles such as the one in question. Ford is thus the "manufacturer" of the 1994 Ford Ranger Pickup in question within the meaning of Section 82.001(4) of the Texas Civil Practice and Remedies Code. Ford is liable under the doctrine of strict product liability for placing the 1994 Ford Ranger Pickup in question into the stream of commerce and is liable for the injuries produced by the

3

defects in the 1994 Ford Ranger Pickup in question, including the death JOSE ANGEL ESCOBEDO RODRIGUEZ.

7.3    At the time the vehicle was designed, manufactured, and sold by Ford, it was defective in design and unreasonably dangerous as designed. Specifically, the 1994 Ford Ranger Pickup in question was unreasonably dangerous at the time it was designed, manufactured, and distributed. The defective nature of the 1994 Ford Ranger Pickup included defects in design, stability, manufacturing, handling, marketing, instructions, warnings, crashworthiness, rollover resistance, and controllability.

7.4    The defective nature of the Ford Ranger Pickup in question includes, but is not limited to, the following:

7.4(a)  At the time the vehicle was manufactured and sold by Ford, the same was defective in manufacture and unreasonably dangerous;

7.4(b)  The vehicle was defectively marketed in that the consumer was led to believe the vehicle was a safe and stable vehicle without providing necessary and adequate warnings and instructions that would have given the consumer adequate information so that an informed choice could have been made about purchasing the vehicle;

7.4(c)  Both prior to and subsequent to the sale of the vehicle in question, Ford failed to give adequate and proper warnings and instructions regarding the dangers of the vehicle, which failure rendered the vehicle defective and unreasonably dangerous;

7.4(d)  The vehicle was defective in that it was not designed to provide reasonable and necessary occupant protection in the event of a rollover accident;

7.4(e)  The vehicle is defective and inherently dangerous due to its general

reasonable and...
rollover accident;

7.4(e) The vehicle is defective and inherently dangerous due to its general vehicle design parameters that cause the vehicle to experience handling and rollover instability under ordinary emergency avoidance and driving conditions;

7.4(f) The vehicle in question was not properly designed for vehicle stability when used for its intended purposes and foreseeable uses; and,

4

       7.4(g) The vehicle in question was not properly designed for occupant protection when used for its intended purposes and foreseeable uses.

7.5    The design, marketing, and manufacturing defects in the vehicle in question rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the rollover in question, the injuries caused thereby, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and the damages sought by Plaintiffs herein. Further, at the time the vehicle in question was sold, the defective design caused the product to unexpectedly fail to function and/or operate in a manner reasonably expected by an ordinary consumer and user of Ford Ranger Pickups.

7.6    At the time the vehicle in question left the possession of Ford, it was defective in manufacture because it was an unreasonably dangerous product. The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the product's characteristics. The defective and unreasonably dangerous manufacture of the vehicle was a producing cause of the accident, the injuries to all Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and the damages of Plaintiffs.

7.7    Pursuant to Section 82.005 of the Texas Civil Practice and Remedies Code, a safer alternative design was economically and technologically feasible at the time the

a safer alternative desi⌢ vas economically and technologi⌢ y feasible at the time the product in question left the control of Ford, and would have prevented the crash, injuries, and deaths without affecting the utility of the product.

7.8    At the time the vehicle in question left the possession of Ford, it did not have adequate warnings of the product's dangers that were known by, or should have been known by, Ford.  Ford failed to give adequate instructions to avoid the dangers

5

associated with its product, such as its instability, the propensity to become unstable with normal weight loads, its inability to handle normal weight loads, its instability with regard to tire failures, its inability to handle properly in an emergency situation, its inability to properly protect passengers during a rollover, and its inability to properly contain its passengers during a rollover. These failures rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

7.9     At the time of the accident, the vehicle was in substantially the same condition as it was at the time it was placed into the stream of commerce. Nobody made any material alterations to the vehicle. At the time of the accident, the vehicle was in the same or substantially similar condition as when it left the control of Ford. No subsequent modification to the product occurred after it left the possession of Ford.

## VIII.
## Negligence and Negligence Per Se

8.1     Ford committed acts of omission and commission, which collectively and severally constituted negligence, and were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

8.2     Ford's acts of negligence include, but are not limited to, the following:

•     Negligently designing the vehicle from a handling and stability

- Negligently designing the vehicle from a handling and stability standpoint;

- Negligently designing the vehicle with poor rollover resistance;

- Negligently designing the vehicle from an occupant protection standpoint;

6

- Negligently designing the vehicle from an occupant containment standpoint;

- Negligently testing of the vehicle from a handling and stability standpoint;

- Negligently failing to test the vehicle to ensure the design provided reasonable occupant protection and occupant containment in the event of a rollover;

- Failing to adequately train and assist dealers in the dangers associated with the vehicle;

- Failing to disclose known problems and defects;

- Negligently marketing the vehicle as a safe and stable passenger vehicle;

- Failing to meet or exceed internal corporate guidelines;

- Negligently designing the vehicle from a marketing standpoint;

- Failing to inform consumers including Plaintiffs, of information that Ford knew about rollover risk in truck, thus depriving Plaintiffs of the right to make a conscious and free choice;

- Failing to comply with the standards of care applicable in the automotive industry insofar as providing reasonable occupant protection and occupant containment in a rollover;

- Failing to comply with applicable and necessary Federal Motor Vehicle

- Failing to comply with applicable and necess. Federal Motor Vehicle Safety Standards;

- Failing to notify consumers, as required by law, that a defect existed in the vehicle that related to public safety (negligence per se, 49 USC §§30118-30119); and

7

- Failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety (negligence per se, 49 USC §§30118-30119).

## IX.
### *402B MISREPRESENTATION*

9.1    Ford misrepresented the character and quality of the Ford Ranger Pickup. The misrepresentations were of such a nature as to render Ford strictly liable for the injuries and damages to Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ. Ford engaged in the course of advertising, marketing, and promoting this line of vans, including the Ford Ranger Pickup in question. Ford made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the vehicle in question. The misrepresentations were made through advertising, marketing, and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by Ford to be suitable for consumers such as Plaintiffs.

## X.
### Willful Acts or Omissions, Gross Neglect, and Malice

10.1    Ford committed willful acts or omissions, gross neglect, and/or malice, which were a proximate cause of injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

8

## CAUSES OF ACTION AGAINST MICHELIN NORTH AMERICA, INC.

### XI.
### Product Liability



11.1 The BF GOODRICH RADIAL T/A tire in question was originally designed, manufactured, and sold by MICHELIN NORTH AMERICA, INC..

11.2 At the time the tire in question was sold, MICHELIN NORTH AMERICA, INC. was in the business of designing, manufacturing, and selling tires such as the one in question.

11.3 At the time the tire was designed, manufactured, and sold by MICHELIN NORTH AMERICA, INC., it was defective in design and unreasonably dangerous as designed. Pursuant to Section 82.005 of the Texas Civil Practice and Remedies Code, a safer alternative design was economically and technologically feasible at the time the product in question left the control of MICHELIN NORTH AMERICA, INC., and would have prevented the crash, injuries, and deaths without affecting the utility of the product. Further, at the time the tire in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and users of tires. The defective and unreasonably dangerous design of the tire was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

11.4 At the time the tire in question left the possession of MICHELIN NORTH

11.4    At the time the tire in question left the possession of MICHELIN NORTH AMERICA, INC., it was defective in manufacture because it was an unreasonably dangerous product. The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics. The defective and

9

unreasonably dangerous manufacture of the tire was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

11.5    At the time the tire in question left the possession of MICHELIN NORTH AMERICA, INC., it did not have adequate warnings of the product's dangers that were known by, or should have been known by, MICHELIN NORTH AMERICA, INC. Defendant failed to give adequate instructions to avoid the dangers associated with its product, such as a belt/tread separation. These failures rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

11.6    At the time of the accident, the tire was in substantially the same condition as it was at the time it was placed into the stream of commerce. Nobody made any material alterations to the tire. At the time of the accident, the tire was in the same or substantially similar condition as when it left the control of MICHELIN NORTH AMERICA, INC..

### XII.
### Negligence and Negligence Per Se

12.1    MICHELIN NORTH AMERICA, INC. committed acts of omission and commission, which collectively and severally constituted negligence, and were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs including the

commission, which collectively and severally constituted negligence, and were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

     12.2   MICHELIN NORTH AMERICA, INC.'s acts of negligence include, but are not limited to, the following:

- Negligent manufacturing of the tire;

10

- Negligent failure to warn of the dangers associated with the tire;

- Negligent failure to properly test the tire;

- Negligent failure to warn consumers of a known danger/defect in the tire;

- Negligent failure to disclose post-sale information known about the dangers or defects in the tire;

- Negligent concealment of the known dangers associated with the tire;

- Failing to disclose known problems and defects;

- Negligent operation of the plant where the tire was made;

- Negligent quality control procedures resulting in poor quality tire production; and

- Negligent failure to recall the tire or, alternatively, to warn consumers of known crashes precipitated by known tire problems (negligence per se, 49 USC §§30118-30119).

### XIII.
### 402B MISREPRESENTATION

13.1    MICHELIN NORTH AMERICA, INC. misrepresented the character and quality of the BF GOODRICH RADIAL T/A tire in question. The misrepresentations were of such a nature as to render MICHELIN NORTH AMERICA, INC. strictly liable for the injuries and damages to Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ. MICHELIN NORTH AMERICA, INC. engaged in the course of advertising, marketing, and promoting this line of tires, including the MICHELIN NORTH AMERICA INC.

NORTH AMERICA, INC. engaged in the course of advertising, marketing, and promoting this line of tires, including the MICHELIN NORTH AMERICA, INC. Radial T/A tire in question. MICHELIN NORTH AMERICA, INC. made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the tire in question. The misrepresentations were made through advertising, marketing, and promoting the product, the totality of which,

11

taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by MICHELIN NORTH AMERICA, INC. to be suitable for consumers such as Plaintiffs.

### XIV.
### Willful Acts or Omissions, Gross Neglect, and Malice

14.1    MICHELIN NORTH AMERICA, INC. committed willful acts or omissions, gross neglect, and/or malice, which were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

## CAUSES OF ACTION AGAINST
## WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB

### XV.
### NEGLIGENCE AND SELLER LIABILITY OF DEFENDANTS

### WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB

15.1    WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB sold the tires in question. At the time the tires were sold, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB were in the business of selling tires, such as the tires in question, to the general public. In the normal course of its business, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB routinely marketed tires, such as the tires in question, in such a manner that a reasonable person in the position of the purchaser would expect the tires to present no greater risk of defect than other new

the tires in question, in ~~~h a manner that a reasonable per~~n in the position of the purchaser would expect the tires to present no greater risk of defect than other new tires. At the time the tires were sold, it was defective in design and manufacture and unreasonably dangerous. The defects in design and manufacture rendered the tires dangerously defective and unreasonably unsafe, and were proximate and producing causes of the rollover accident in question, the injuries to Plaintiffs and Plaintiffs'

12

damages, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ. WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB are thus the "sellers" of the tires in question within the meaning of Section 82.001(3) of the Texas Civil Practice and Remedies Code. Accordingly, Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB are liable to Plaintiffs under the doctrine of strict product liability for placing the tires in question into the stream of commerce and for the injuries and damages caused by the defects in the tires in question, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

15.2  Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB are also strictly liable for the conduct of MICHELIN NORTH AMERICA, INC., because the tires were a product not in compliance with applicable product safety acts and administrative regulations, which rendered the products defective with regard to the risks sought to be reduced by such acts and regulations.

15.3  Alternatively, Defendant WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed acts of omission and commission regarding the failure to exercise reasonable care with regard to the vehicle at issue, negligently introducing a defect, failing to eliminate a defect in performing such tasks as inspecting, repairing the vehicle, failing to discover, repair, or provide adequate warnings about the defect, and refusing to remedy the known defect. These acts of commission and omission which collectively and severally, constituted negligence, which were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

15.4 Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed acts of omission and commission, including the failure to exercise reasonable care with regard to the tires at issue and negligently failing to adequately warn the buyer of the tires propensity to lose stability. WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB, as sellers of tires like the one in question, knew of

13

the inadequate stability inherent in the tires.  As a seller of the tires in question, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB failed to adequately warn the buyer about said defective stability problems.

15.5    WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB failed to warn Plaintiffs of the defects in the tire in question which WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB knew or should have known existed.  WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB were negligent and proximately caused the injuries and damages sustained by Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ by placing the tires in question into the stream of commerce and marketing the tires without any warning whatsoever or, alternatively, providing an inadequate warning to the user or foreseeable users regarding the following defects:

(a)    That the tires was inadequately designed from a handling and stability standpoint;

(b)    That the tires was inadequately designed such that it had a poor rollover resistance;

(c)    That the tires was inadequately designed from an occupant protection standpoint;

(d)    That there were known problems and defects associated with the tires;

(e)    That the tires was not a safe and stable passenger tires;

(f)    That the tires could not handle ordinary emergencies as
         on a day to day basis and that the tires would rollover

(f)   That the tires could not handle ordinary emergencies as encountered on day to day basis and that the tires would rollover on flat surfaces due to tire friction forces; and,

(g)   That the tires was inadequately designed from an occupant containment standpoint.

14

15.6    As a result of the defective and unreasonably dangerous condition of the tire in question, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB, in selling the tires in question in such defective and dangerous condition, are strictly liable as a sellers of tire's defective product.  WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed acts of omission and commission, which collectively and severally, constituted negligence, which were the proximate cause of Plaintiffs' injuries and damages, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

15.7    Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed willful acts or omissions, gross neglect, and/or malice, which were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

## DAMAGES

### XVI.
### Personal Injury Damages

16.1    As a proximate and producing result of the conduct of Defendants, Plaintiffs have suffered injuries and damages.  Plaintiffs are seeking monetary damages from Defendants to compensate them for the following elements of damages:

       (a)    past and future medical expenses;

       (b)    past and future loss of earning capacity;

(a)    past and future medical expenses;

(b)    past and future loss of earning capacity;

(c)    past and future physical pain and suffering;

(d)    past and future disfigurement;

(e)    past and future loss of companionship and society;

(f)    past and future mental anguish;

(g)    past and future physical impairment;

15

(h)    past and future loss of consortium;

(i)    past and future loss of household services;

(j)    exemplary damages; and,

(k)    property damage.

## XVII.
### WRONGFUL DEATH DAMAGES

### JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED

17.1    As a result of his death, FEBRIONA VIERA ESCOBEDO INDIVIDUALLY and LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO, children have suffered damages in the past and will sustain damages in the future, including pecuniary losses, loss of services, loss of companionship and society, mental anguish, and loss of inheritance, for which recovery and damages are sought under The Texas Wrongful Death Act in an amount far in excess of the minimal jurisdictional limits of this Court.

## XIX.
### PRE JUDGMENT AND POST JUDGMENT INTEREST

19.1    Plaintiffs seek recovery of such pre-judgment and post-judgment interest as permitted by law.

## XX.
### EXEMPLARY DAMAGES AND VIOLATION OF TEXAS PENAL CODE

20.1    The conduct justifying an award of punitive damages includes, but is not limited to, FORD and MICHELIN NORTH AMERICA, INC.'S malicious, willful,

20.1   The conduct, including g

limited to, FORD and  ICHELIN NORTH AMERICA, INC.'S malicious, willful, knowing, wanton and reckless design, manufacture, marketing, testing, and distribution of products which it knew were unreasonably dangerous and defective at the time it left FORD and MICHELIN NORTH AMERICA, INC.'S possession.  The amount of punitive damages to be awarded is within the discretion of the jury.

16

## XXI.
### CONSTITUTIONAL ALLEGATIONS

21.1   Plaintiffs alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it is in violation of (1) Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due  process and equal protection of the laws; (2) Article I, §3 of the Texas Constitution, which guarantees equal protection of the laws; (3) Article I, §13 of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law; (4) Article I, §19 of the Texas Constitution, which guarantees due course of the law; (5) Article II, §1 of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, prohibiting the legislature from exercising power properly attached to the judiciary; (6) Article III, §56 of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and (7) Article I, §15 and Article V, §10 of the Texas Constitution, which guarantee the  right to a trial by jury in civil cases.

## XXII.
### RESERVATION OF RIGHTS

22.1   Plaintiffs reserve the right to prove the amount of damages at trial.

22.1   Plaintiffs reserve the right to prove the amount of damages at trial.

Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

17

## XXIII.
### *REQUEST FOR JURY TRIAL*

23.1    Plaintiffs, in accordance with Rule 216 of the Texas Rules of Civil Procedure, request a trial by jury.  Simultaneously with the filing of this demand, a jury fee in the amount of $30.00 is being paid on behalf of Plaintiffs.

### XIV.
### CONDITIONS PRECEDENT

24.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

### XV.

### REQUESTS FOR DISCLOSURES

25.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that Defendants disclose, within 50 days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual and exemplary damages in such an amount as the evidence may show and the in...

-- ---- before a jury, and that

Plaintiffs recover judgment of and from Defendants for th    actual and exemplary damages in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled, whether at law or in equity.

18

Respectfully submitted,

**WATTS LAW FIRM, L.L.P.**

By: _____

Ray R. Marchan
State Bar No. 12969050
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 [Fax]

**Mikal C. Watts**
State Bar No. 20981820
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
(361) 887-0500
(361) 887-0055 [Fax]

19





CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF THE RETURN ADDRESS
FOLD AT DOTTED LINE

7099 3220 0001 2243 1962

Wal-Mart Stores
DBA: Sam's Wholesale Club
By Serving Registered Agent
Corporation Service Company
800 Brazos
Austin, Texas 78701

:alazar
Chica Blvd.
e, Texas 78521



Linda M. Salazar
4914 Boca Chica
Brownsville, Te:

## Corporation Service Company
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(888) 690-2882    sop@cscinfo.com

United States Corporation Company                    The Prentice-Hall Corporation System, Inc.

# NOTICE OF SERVICE OF PROCESS

**Date Processed:** 01-JUL-03                    **Transmittal #:** TX1781382C    ALL

To: THOMAS MARS                    **Redirect sent to:**
WAL-MART STORES, INC. LEGAL TEAM    MR. KENNETH VERMILLION
702 SW 8TH STREET
BENTONVILLE AR 72716-0555

**TYPE OF REPRESENTATION:** Statutory

LEGAL

*We enclose the following documents which were served upon:*
Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company    JUL 02 2003
*as registered agent in* Texas    *for*
WAL-MART STORES, INC. (ID#: 1868285)    TEAM
*Documents were served on* 01-JUL-03 *via Certified Mail*    **ID#:** 70993220000122431962

**Title of Action:** FEBRIONA VIERA ESCOBEDO IND & FOR JOSE ANGEL ESCOBEDO R **Case #:** 2003-05-2758-E
**vs.** FORD MOTOR CO ET AL
**Court:** 357TH DISTRICT CAMERON COUNTY TX
**Nature of Case:** Product Liability

| | | |
|---|---|---|
| X Summons | _____ Notice of Mechanic's Lien | _____ A self-addressed stamped |
| X Complaint | _____ Notice of Attorney's Lien | envelope enclosed |
| _____ Garnishment | _____ Notice of Default Judgment | _____ Duplicate copies of the Notice |
| _____ Subpoena | | and Acknowledgement enclosed |

_____ Other:

**Answer Due:** MONDAY NEXT FOLLOWING 20 DAYS AFTER SERVICE
**Documents Sent:** Federal Express    **ID#:**
**Call Placed:** No call placed    **Spoke to:** N/A
**Comments:** N/A

**Attorney for Claimant:**
RAY MARCHAN
1026 E ELIZABETH

**Attorney for Claimant:**

RAY MARCHAN
1926 E ELIZABETH
BROWNSVILLE TX 78520

956-544-0500

Form Prepared By:  Margaret Leak

*Please acknowledge receipt of this notice and the enclosures by signing and returning this acknowledgement copy. A business reply envelope is enclosed for your convenience.*

**DATE RECEIVED:**_____     **CLIENT SIGNATURE:**_____

Acknowledgement Copy - to be returned to the address above

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

# COPY

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.004.01

No. 2003-05-002758-E

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may b taken against you.

TO: WALMART STORES DBA SAM'S WHOLESALE CLUB
BY SERVING REGISTERED AGENT
CORPORATION SERVICE COMPANY
800 BRAZOS
AUSTIN, TEXAS  78701

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of sai county in Brownsville, Texas.  Said _____ PETITION _____ was filed on MAY 29, 2003  .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002758-E.

The style of the case is:

FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRES
VS.
FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. A

Said petition was filed in said court by _____ HON. RAY R. MARCHAN
(Attorney for    -    PLAINTIFF _____ ), whose address is
1926 E. ELIZABETH BROWNSVILLE, TEXAS    78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville,

requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 29th day of MAY , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _Gloria Medrano_ , Deputy

RETURN OF OFFICER

Came to hand the _26th_ day of _June_, _2003_, at _5:00_ o'clock _P_.M., and

executed (~~not executed~~) on the _____ day of _____, _2003_, by delivering to _Wal-Mart Stores DBA: Sam's Wholesale Club By Serving Registered Agent_ _____ in person a true copy of this Citation,

_By Corporation Service Co._

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____ _Original Petition_ _____.

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy

Total....... $_____

Fees paid by: _____

~~Sheriff/constable~~ _____ County,

By _____ ~~Deputy~~

C. P

CAUSE NO. <u>2003-05-2758-E</u>



| FEBRIONA VIERA ESCOBEDO | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE ANGEL ESCOBEDO | § | |
| RODRIGUEZ, DECEASED; and | § | |
| LUIS ALBERTO ESCOBEDO VIERA | § | |
| and JOSE VIERA ESCOBEDO | § | |
| **Plaintiffs** | § | CAMERON COUNTY, TEXAS |
| | § | |
| **VS.** | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| and WAL-MART STORES, INC. d/b/a | § | |
| SAM'S WHOLESALE CLUB | § | 357TH JUDICIAL DISTRICT |

## DEFENDANTS WAL-MART STORES, INC. D/B/A
## SAM'S WHOLESALE CLUB'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC. D/B/A SAM'S WHOLESALE CLUB**,

Defendant in the above styled and numbered cause of action and files this their Original

Answer to Plaintiff's Original Petition and would respectfully show unto the Court as

follows:

I.

Subject to such stipulations as may hereafter be made, Defendant asserts a

general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and

Defendant respectfully requests that Plaintiffs be required to prove their charges and

allegations against Defendant by a preponderance of the evidence as is required by the

Constitution and laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant pray that it be released, discharged and acquitted of the charges filed against them, that Plaintiffs take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which it will forever pray.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4880 Facsimile

JAIME A. DRABEK
State Bar No. 06102410
*Attorneys for Defendant WAL-MART STORES,
INC. D/B/A SAM'S WHOLESALE CLUB*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all interested parties of record by certified mail, return receipt requested, on this the ___28th___ day of July, 2003, to-wit:

Mr. Ray R. Marchan
Mr. Mikal C. Watts
**Watts Law Firm**
1926 E. Elizabeth
Brownsville, Texas   78520

*CMRRR# 7002-0860-0004-8097-1501
& Via Fax No. 956/ 541-0255*

Jaime A. Drabek