*/0*

# IN THE UNITED STATES DISCT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO | § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-135 |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB | § § § § § | |

## MOTION FOR LEAVE TO FILE AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE EZ NINO, ET AL, plaintiffs, and file this their motion for leave to file amended petition, and in support thereof would respectfully show the court as follows:

### I.

Plaintiffs' filed their original petition on May 29, 2003. Plaintiffs properly served the original petition upon defendants and all defendants have filed their answers thereto. However, it has become known to the Plaintiffs' that the proper manufacturer of the tire involved herein is Goodrich Corporation and, as such, a proper defendant in this case.

Plaintiffs respectfully request that this Honorable Court grant plaintiffs permission to file the First Amended Original Petition attached hereto as Exhibit "A."

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable court grant this motion and for such other and further relief, at law or in equity, to which they may show themselves to be justly entitled to receive.

Respectfully submitted this the ___3/___ day of October, 2003.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

Ray R. Marchan
State Bar No. 12969050
Federal I.D. No. 9522
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___3/___ day of October, 2003, a true and correct copy of the foregoing instrument was forwarded to opposing counsel, via fax, by hand-delivery or by U.S. Mail.

Ray R. Marchan

## CERTIFICATE OF CONFERENCE

On Friday, October, 31, 2003, at 2:47 o'clock p.m. a telephone call was placed to all counsel of record in this case advising them of the filing of the foregoing motion for leave to file amended petition. Counsel for defendants responded as follows:

Jaime Drabek, attorney for Walmart Stores, Inc. d/b/a Sam's Wholesale Club, was not in the office at the time the telephone call was placed.

Mr. Jaime Saenz, attorney for Defendant Ford Motor Company, was not in the office at the time the telephone call was placed.

Mr. Thomas M. Buillion, III, attorney for Defendant Michelin North America, Inc., had been out of the office and was not expected to return.

Respectfully submitted this the 31 ___ day of October, 2003.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 544-0500
(956) 541-0255  FAX

Ray R. Marchan
State Bar No. 12969050
Federal I.D. No. 9522
*Attorney for Plaintiffs*

## IN THE UNITED STATES DISCT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FEBRIONA  VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO | § § § § § § § § | CIVIL ACTION |
| VS. | § § | NO. B-03-135 |
| FORD MOTOR COMPANY, GOODRICH CORPORATION, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB | § § § § § | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO,** complaining of FORD MOTOR COMPANY, GOODRICH CORPORATION, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB Defendants herein, and for their cause of action, would show the court as follows:

### 1.

### DISCOVERY TRACK

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs allege that this case should be conducted under Level 3 of the Discovery Control Plan. Plaintiffs will seek an agreed order or other court order to this effect.

1

Exhibit "A"

## 2.

## THE PLAINTIFFS

2.1    Plaintiff Febriona Viera Escobedo Individually and as Representative of the Estate of Jose Angel Escobedo is the surviving spouse of the decedent Jose Angel Escobedo  and is the biological mother and brings suit herein in her individual capacity, as well as in her capacity as the surviving spouse of Jose Angel Escobedo and for  and on behalf of all those entitled to recover for his death under the Texas Wrongful Death Act and Texas Survival Statutes.

2.2    Plaintiffs Luis Alberto Escobedo Viera, Jose Enrique Viera Escobedo and are the biological sons of Jose Angel Escobedo and bring suit in their individual capacities for the death of their father.

## 3.

## DEFENDANTS

3.1    Defendant Ford Motor Company is a Delaware corporation, doing business in Texas, and has been duly served and has answered herein..

3.2    Defendant Goodrich Corporation is a corporation in Texas and may be served with process by serving its agent for service C. T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas  75201.

3.3    Defendant Michelin North America, Inc.is a corporation doing business in the State of Texas and has been duly served and has answered herein.

3.4    Defendant WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB is a  corporation duly authorized to conduct business in the State of Texas and has been duly served and has answered herein.

## 4.

## VENUE

2

4.1    Venue is proper in Cameron County pursuant to Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Defendant Walmart Stores, Inc. dba Sam's Wholesale Club's acts complained of occurred in Cameron County, Texas.

**5.**

## JURISDICTION

5.1    Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas, and this Court has personal jurisdiction over Defendants. Plaintiffs seek damages in excess of the minimum jurisdictional limits of this Court and of the $75,000 jurisdictional limits of the federal courts.

## IV. BACKGROUND FACTS

4.1    This suit arises out of a vehicular collision occurring on or about July 19, 2002, involving a 1994 Ford Ranger XLT (V.I.N. IFTCRIOAXRPBB96146) being driven by Juan Rangel Espinoza wherein Jose Angel Escobedo was a passenger. The said 1994 Ford Ranger XLT was northbound on a highway. All of a sudden and without warning the Ford vehicle began to go out of control and rolled over causing the injuries and resulting death to **Jose Angel Escobedo.**

## CAUSES OF ACTION AGAINST FORD

*VII.*
**Product Liability**

7.1    The Ford Ranger Pickup (VIN 1FTCR10AXRPB96146) in question was originally designed, manufactured, assembled, and sold by Ford.

7.2    At the time the vehicle in question was sold, Ford was in the business of designing, manufacturing, and selling vehicles such as the one in question. Ford is thus the "manufacturer" of the 1994 Ford Ranger Pickup in question within the meaning of Section 82.001(4) of the Texas Civil Practice and Remedies Code. Ford is liable under

the doctrine of strict product liability for placing the 1994 Ford Ranger Pickup in question into the stream of commerce and is liable for the injuries produced by the defects in the 1994 Ford Ranger Pickup in question, including the death JOSE ANGEL ESCOBEDO RODRIGUEZ.

7.3    At the time the vehicle was designed, manufactured, and sold by Ford, it was defective in design and unreasonably dangerous as designed. Specifically, the 1994 Ford Ranger Pickup in question was unreasonably dangerous at the time it was designed, manufactured, and distributed. The defective nature of the 1994 Ford Ranger Pickup included defects in design, stability, manufacturing, handling, marketing, instructions, warnings, crashworthiness, rollover resistance, and controllability.

7.4    The defective nature of the Ford Ranger Pickup in question includes, but is not limited to, the following:

   7.4(a)  At the time the vehicle was manufactured and sold by Ford, the same was defective in manufacture and unreasonably dangerous;

   7.4(b)  The vehicle was defectively marketed in that the consumer was led to believe the vehicle was a safe and stable vehicle without providing necessary and adequate warnings and instructions that would have given the consumer adequate information so that an informed choice could have been made about purchasing the vehicle;

   7.4(c)  Both prior to and subsequent to the sale of the vehicle in question, Ford failed to give adequate and proper warnings and instructions regarding the dangers of the vehicle, which failure rendered the vehicle defective and unreasonably dangerous;

   7.4(d)  The vehicle was defective in that it was not designed to provide reasonable and necessary occupant protection in the event of a rollover accident;

   7.4(e)  The vehicle is defective and inherently dangerous due to its general vehicle design parameters that cause the vehicle to experience handling and rollover instability under ordinary emergency avoidance and driving conditions;

4

7.4(f) The vehicle in question was not properly designed for vehicle stability when used for its intended purposes and foreseeable uses; and,

7.4(g) The vehicle in question was not properly designed for occupant protection when used for its intended purposes and foreseeable uses.

7.5    The design, marketing, and manufacturing defects in the vehicle in question rendered it defective and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the rollover in question, the injuries caused thereby, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and the damages sought by Plaintiffs herein. Further, at the time the vehicle in question was sold, the defective design caused the product to unexpectedly fail to function and/or operate in a manner reasonably expected by an ordinary consumer and user of Ford Ranger Pickups.

7.6    At the time the vehicle in question left the possession of Ford, it was defective in manufacture because it was an unreasonably dangerous product. The product was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the product's characteristics. The defective and unreasonably dangerous manufacture of the vehicle was a producing cause of the accident, the injuries to all Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and the damages of Plaintiffs.

7.7    Pursuant to Section 82.005 of the Texas Civil Practice and Remedies Code, a safer alternative design was economically and technologically feasible at the time the product in question left the control of Ford, and would have prevented the crash, injuries, and deaths without affecting the utility of the product.

7.8    At the time the vehicle in question left the possession of Ford, it did not have adequate warnings of the product's dangers that were known by, or should have been known by, Ford.  Ford failed to give adequate instructions to avoid the dangers associated with its product, such as its instability, the propensity to become unstable with normal weight loads, its inability to handle normal weight loads, its instability with regard to tire failures, its inability to handle properly in an emergency situation, its inability to properly protect passengers during a rollover, and its inability to properly contain its passengers during a rollover.   These failures rendered the product unreasonably dangerous as marketed.  The marketing defect was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

7.9    At the time of the accident, the vehicle was in substantially the same condition as it was at the time it was placed into the stream of commerce.  Nobody made any material alterations to the vehicle.  At the time of the accident, the vehicle was in the same or substantially similar condition as when it left the control of Ford.  No subsequent modification to the product occurred after it left the possession of Ford.

### VIII.
### Negligence and Negligence Per Se

8.1    Ford committed acts of omission and commission, which collectively and severally constituted negligence, and were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

8.2    Ford's acts of negligence include, but are not limited to, the following:

• Negligently designing the vehicle from a handling and stability standpoint;

6

- Negligently designing the vehicle with poor rollover resistance;

- Negligently designing the vehicle from an occupant protection standpoint;

- Negligently designing the vehicle from an occupant containment standpoint;

- Negligently testing of the vehicle from a handling and stability standpoint;

- Negligently failing to test the vehicle to ensure the design provided reasonable occupant protection and occupant containment in the event of a rollover;

- Failing to adequately train and assist dealers in the dangers associated with the vehicle;

- Failing to disclose known problems and defects;

- Negligently marketing the vehicle as a safe and stable passenger vehicle;

- Failing to meet or exceed internal corporate guidelines;

- Negligently designing the vehicle from a marketing standpoint;

- Failing to inform consumers including Plaintiffs, of information that Ford knew about rollover risk in truck, thus depriving Plaintiffs of the right to make a conscious and free choice;

- Failing to comply with the standards of care applicable in the automotive industry insofar as providing reasonable occupant protection and occupant containment in a rollover;

- Failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

- Failing to notify consumers, as required by law, that a defect existed in the vehicle that related to public safety (negligence per se, 49 USC §§30118-30119); and

- Failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety (negligence per se, 49 USC §§30118-30119).

### IX.
### 402B MISREPRESENTATION

9.1    Ford misrepresented the character and quality of the Ford Ranger Pickup. The misrepresentations were of such a nature as to render Ford strictly liable for the injuries and damages to Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ. Ford engaged in the course of advertising, marketing, and promoting this line of vans, including the Ford Ranger Pickup in question. Ford made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the vehicle in question. The misrepresentations were made through advertising, marketing, and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by Ford to be suitable for consumers such as Plaintiffs.

### X.
### Willful Acts or Omissions, Gross Neglect, and Malice

10.1    Ford committed willful acts or omissions, gross neglect, and/or malice, which were a proximate cause of injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

# CAUSES OF ACTION AGAINST GOODRICH CORPORATION AND MICHELIN NORTH AMERICA, INC.

## XI.
### Product Liability

11.1    The BF GOODRICH RADIAL T/A tire in question was originally designed, manufactured, and sold by Goodrich Corporation.

11.2    At the time the tire in question was sold, GOODRICH CORPORATION AND/or MICHELIN NORTH AMERICA, INC. was in the business of designing, manufacturing, and selling tires such as the one in question.

11.3    At the time the tire was designed, manufactured, and sold by GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC., it was defective in design and unreasonably dangerous as designed.  Pursuant to Section 82.005 of the Texas Civil Practice and Remedies Code, a safer alternative design was economically and technologically feasible at the time the product in question left the control of GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC., and would have prevented the crash, injuries, and deaths without affecting the utility of the product.  Further, at the time the tire in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumer and users of tires.  The defective and unreasonably dangerous design of the tire was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

11.4    At the time the tire in question left the possession of GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC., it was defective in manufacture because it was an unreasonably dangerous product.  The product was dangerous to an extent beyond that which would be contemplated by the ordinary user

of the product with the ordinary knowledge common to the community as to the product's characteristics. The defective and unreasonably dangerous manufacture of the tire was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

11.5    At the time the tire in question left the possession of GOODRICH CORPORATION AND/OR  MICHELIN NORTH AMERICA, INC., it did not have adequate warnings of the product's dangers that were known by, or should have been known by, GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. Defendant failed to give adequate instructions to avoid the dangers associated with its product, such as a belt/tread separation. These failures rendered the product unreasonably dangerous as marketed. The marketing defect was a producing cause of the accident and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

11.6    At the time of the accident, the tire was in substantially the same condition as it was at the time it was placed into the stream of commerce. Nobody made any material alterations to the tire. At the time of the accident, the tire was in the same or substantially similar condition as when it left the control of GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC..

### XII.
### Negligence and Negligence Per Se

12.1    GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. committed acts of omission and commission, which collectively and severally constituted negligence, and were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

12.2    GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC.'s acts of negligence include, but are not limited to, the following:

- Negligent manufacturing of the tire;

- Negligent failure to warn of the dangers associated with the tire;

- Negligent failure to properly test the tire;

- Negligent failure to warn consumers of a known danger/defect in the tire;

- Negligent failure to disclose post-sale information known about the dangers or defects in the tire;

- Negligent concealment of the known dangers associated with the tire;

- Failing to disclose known problems and defects;

- Negligent operation of the plant where the tire was made;

- Negligent quality control procedures resulting in poor quality tire production; and

- Negligent failure to recall the tire or, alternatively, to warn consumers of known crashes precipitated by known tire problems (negligence per se, 49 USC §§30118-30119).

### XIII.
### 402B MISREPRESENTATION

13.1    GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. misrepresented the character and quality of the BF GOODRICH RADIAL T/A tire in question.  The misrepresentations were of such a nature as to render GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. strictly liable for the injuries and damages to Plaintiffs including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.  GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. engaged in the course of advertising, marketing, and promoting this line of tires, including the GOODRICH CORPORATION AND/OR MICHELIN

11

NORTH AMERICA, INC. Radial T/A tire in question. GOODRICH CORRPORATION AND/OR MICHELIN NORTH AMERICA, INC. made false representations that included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the tire in question. The misrepresentations were made through advertising, marketing, and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. to be suitable for consumers such as Plaintiffs.

*XIV.*
**Willful Acts or Omissions, Gross Neglect, and Malice**

14.1    GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC. committed willful acts or omissions, gross neglect, and/or malice, which were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ, and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

## CAUSES OF ACTION AGAINST
## WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB

*XV.*
## NEGLIGENCE AND SELLER LIABILITY OF DEFENDANTS

### *WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB*

15.1    WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB sold the tires in question. At the time the tires were sold, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB were in the business of selling tires, such as the tires in question, to the general public. In the normal course of its business, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB routinely marketed tires, such as

the tires in question, in such a manner that a reasonable person in the position of the purchaser would expect the tires to present no greater risk of defect than other new tires. At the time the tires were sold, it was defective in design and manufacture and unreasonably dangerous. The defects in design and manufacture rendered the tires dangerously defective and unreasonably unsafe, and were proximate and producing causes of the rollover accident in question, the injuries to Plaintiffs and Plaintiffs' damages, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ. WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB are thus the "sellers" of the tires in question within the meaning of Section 82.001(3) of the Texas Civil Practice and Remedies Code. Accordingly, Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB are liable to Plaintiffs under the doctrine of strict product liability for placing the tires in question into the stream of commerce and for the injuries and damages caused by the defects in the tires in question, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

15.2    Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB are also strictly liable for the conduct of GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC., because the tires were a product not in compliance with applicable product safety acts and administrative regulations, which rendered the products defective with regard to the risks sought to be reduced by such acts and regulations.

15.3    Alternatively, Defendant WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed acts of omission and commission regarding the failure to exercise reasonable care with regard to the vehicle at issue, negligently introducing a defect, failing to eliminate a defect in performing such tasks as inspecting, repairing the vehicle, failing to discover, repair, or provide adequate warnings about the defect, and refusing to remedy the known defect. These acts of commission and omission which collectively and severally, constituted negligence, which were a proximate cause of the

13

injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

15.4    Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed acts of omission and commission, including the failure to exercise reasonable care with regard to the tires at issue and negligently failing to adequately warn the buyer of the tires propensity to lose stability.  WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB, as sellers of tires like the one in question, knew of the inadequate stability inherent in the tires.  As a seller of the tires in question, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB failed to adequately warn the buyer about said defective stability problems.

15.5    WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB failed to warn Plaintiffs of the defects in the tire in question which WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB knew or should have known existed.  WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB were negligent and proximately caused the injuries and damages sustained by Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ by placing the tires in question into the stream of commerce and marketing the tires without any warning whatsoever or, alternatively, providing an inadequate warning to the user or foreseeable users regarding the following defects:

(a)    That the tires was inadequately designed from a handling and stability standpoint;

(b)    That the tires was inadequately designed such that it had a poor rollover resistance;

(c)    That the tires was inadequately designed from an occupant protection standpoint;

(d)    That there were known problems and defects associated with the tires;

14

(e)    That the tires was not a safe and stable passenger tires;

(f)    That the tires could not handle ordinary emergencies as encountered on day to day basis and that the tires would rollover on flat surfaces due to tire friction forces; and,

(g)    That the tires was inadequately designed from an occupant containment standpoint.

15.6    As a result of the defective and unreasonably dangerous condition of the tire in question, WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB, in selling the tires in question in such defective and dangerous condition, are strictly liable as a sellers of tire's defective product. WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed acts of omission and commission, which collectively and severally, constituted negligence, which were the proximate cause of Plaintiffs' injuries and damages, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

15.7    Defendants WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB committed willful acts or omissions, gross neglect, and/or malice, which were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to §41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, §26 of the Texas Constitution.

## DAMAGES

### XVI.
### Personal Injury Damages

16.1    As a proximate and producing result of the conduct of Defendants, Plaintiffs have suffered injuries and damages. Plaintiffs are seeking monetary damages from Defendants to compensate them for the following elements of damages:

(a)    past and future medical expenses;

(b)   past and future loss of earning capacity;

(c)   past and future physical pain and suffering;

(d)   past and future disfigurement;

(e)   past and future loss of companionship and society;

(f)   past and future mental anguish;

(g)   past and future physical impairment;

(h)   past and future loss of consortium;

(i)   past and future loss of household services;

(j)   exemplary damages; and,

(k)   property damage.

## XVII.
### WRONGFUL DEATH DAMAGES

### JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED

17.1   As a result of his death, FEBRIONA VIERA ESCOBEDO INDIVIDUALLY and LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO, children have suffered damages in the past and will sustain damages in the future, including pecuniary losses, loss of services, loss of companionship and society, mental anguish, and loss of inheritance, for which recovery and damages are sought under The Texas Wrongful Death Act in an amount far in excess of the minimal jurisdictional limits of this Court.

## XIX.
### PRE JUDGMENT AND POST JUDGMENT INTEREST

19.1   Plaintiffs seek recovery of such pre-judgment and post-judgment interest as permitted by law.

## XX.
### EXEMPLARY DAMAGES AND VIOLATION OF TEXAS PENAL CODE

20.1    The conduct justifying an award of punitive damages includes, but is not limited to, FORD and GOODRICH CORPORATION AND/OR MICHELIN NORTH AMERICA, INC.'S malicious, willful, knowing, wanton and reckless design, manufacture, marketing, testing, and distribution of products which it knew were unreasonably dangerous and defective at the time it left FORD and Goodrich corporation and/or MICHELIN NORTH AMERICA, INC.'S possession.  The amount of punitive damages to be awarded is within the discretion of the jury.

## XXI.
### CONSTITUTIONAL ALLEGATIONS

21.1    Plaintiffs alleges that the provision within Section 41.008(b) of the Texas Civil Practice and Remedies Code limiting the amount of exemplary damages assessed against a Defendant to two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000, or $200,000, whichever is greater, is unconstitutional, as it is in violation of (1) Section One of the Fourteenth Amendment of the Constitution of the United States, which guarantees due  process and equal protection of the laws; (2) Article I, §3 of the Texas Constitution, which guarantees equal protection of the laws; (3) Article I, §13 of the Texas Constitution, which guarantees access to open courts for every person for an injury done him, and that each such person shall have remedy by due course of law; (4) Article I, §19 of the Texas Constitution, which guarantees due course of the law; (5) Article II, §1 of the Texas Constitution, which prohibits any one of the three branches of government from exercising any power properly attached to either of the others, specifically, prohibiting the legislature from exercising power properly attached to the judiciary; (6) Article III, §56 of the Texas Constitution, which prohibits the legislature from passing any local or special law authorizing limitation of civil actions; and (7)

17

Article I, §15 and Article V, §10 of the Texas Constitution, which guarantee the right to a trial by jury in civil cases.

## XXII.
### RESERVATION OF RIGHTS

22.1    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts upon further discovery and as their investigation continues.

## XXIII.
### REQUEST FOR JURY TRIAL

23.1    Plaintiffs, in accordance with Rule 216 of the Texas Rules of Civil Procedure, request a trial by jury.  Simultaneously with the filing of this demand, a jury fee in the amount of $30.00 is being paid on behalf of Plaintiffs.

## XIV.
### CONDITIONS PRECEDENT

24.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

## XV.

### REQUESTS FOR DISCLOSURES

25.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs requests that Defendants disclose, within 50 days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their actual and exemplary damages in such an amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.

By: _____

Ray R. Marchan
State Bar No. 12969050
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 [Fax]

Mikal C. Watts
State Bar No. 20981820
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
(361) 887-0500
(361) 887-0055 [Fax]

## CERTIFICATE OF SERVICE

On this the _31_ day of October, 2003, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN

19