11

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS
                                       BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO, | § | |
| INDIVIDUALLY AND AS | § | United States District Court |
| REPRESENTATIVE OF THE ESTATE | § | Southern District of Texas |
| OF JOSE ANGEL ESCOBEDO | § | FILED |
| RODRIGUEZ, DECEASED; AND | § | NOV 0 7 2003 |
| LUIS ALBERTO ESCOBEDO VIERA | § | |
| AND JOSE VIERA ESCOBEDO | § | Michael N. Milby |
| | § | Clerk of Court |
| VS. | § | CIVIL ACTION NO.: B 03135 |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. AND | § | |
| WALMART STORES, INC., DBA | § | |
| SAM'S WHOLESALE CLUB | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and
    identify the counsel who attended for each party.

    The meeting was held on October 27, 2003 by telephone conference. The parties that
    attended were:

    Ray Marchan
    On behalf of the Plaintiffs.

    Jaime Saenz
    On behalf of Defendant Ford Motor Company

    Jaime Drabek
    On behalf of Defendant, Sam's East, Inc. (incorrectly named as "Wal-Mart Stores, Inc.
    d/b/a Sam's Wholesale Club")

    Thomas M. Bullion III
    On behalf of defendant Michelin North America, Inc.

2.  List the cases related to this one that are pending in any state or federal court with the
    case number and court.

    Cause No. 2003-05-2758-E; Febriona Viera Escobedo, et al. v. Ford Motor Company, et
    al.; 357th Judicial District Court of Cameron County, Texas

3.    Specify the allegation of federal jurisdiction.

      28 U.S.C. § 1441(B) (Diversity)

4.    Name the parties who disagree and the reasons.

      None

5.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      Defendants intend to add Juan Rangel Espinoza, the driver of the accident vehicle, as a third-party defendant within 30 days of the date of this plan.

6.    List anticipated interventions.

      None known at this time.

7.    Describe class-action issues.

      None.

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      The parties have agreed to exchange initial disclosures by December 22, 2003.

9.    Describe the proposed agreed discovery plan, including:

      A.    Responses to all the matters raised in Rule 26(f).

            See below.

      B.    When and to whom the plaintiff anticipates it may send interrogatories.

            By January 26, 2004 to all defendants.

      C.    When and to whom the defendant anticipates it may send interrogatories.

            By January 26, 2004 to all plaintiffs.

      D.    Of whom and by when the plaintiff anticipates taking oral depositions.

            Persons with knowledge of relevant facts and corporate representatives of defendants by April 26, 2004.

2

E.     Of whom and by when the defendant anticipates taking oral depositions.

Plaintiffs, investigating officers, eyewitnesses, and medical providers by April 26, 2004.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs – May 17, 2004
Defendants – July 16, 2004

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.   See Rule 26(a)(2)(B) (expert report).

All of defendants' designated experts – August 16, 2004.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

All of plaintiffs' designated experts – June 28, 2004.

10.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

11.     Specify the discovery beyond initial disclosures that has been undertaken to date.

a.     Michelin North America served all plaintiffs with Interrogatories, Requests for Production, Request for Disclosure and a Request for Inspection on 7/24/03;

b.     Ford Motor Company served all plaintiffs with Interrogatories, Requests for Production and Request for Disclosure on 7/25/03;

c.     Wal-Mart Stores, Inc. served plaintiffs with Interrogatories and Requests for Production on 8/18/03; and

d.     Plaintiffs responded to Ford Motor Company's and Michelin North America, Inc.'s Interrogatories, Requests for Production and Request for Disclosures on 9/12/03.

12.     State the date the planned discovery can reasonably be completed.

3

30 days before trial.

13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties agreed to confer regarding the possibility of settlement after defendants have had the opportunity to inspect the accident vehicle and the accident tire.

14.   Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties have agreed to mediate this case once sufficient discovery is completed.

15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Mediation.

16.   Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

The parties object to a trial before a magistrate judge.

17.   State whether a jury demand has been made and if it was made on time.

A jury demand was made in state court and jury fee paid.  A jury demand was also made by Wal-Mart when the case was removed to federal court.

18.   Specify the number of hours it will take to present the evidence in this case.

60 to 80 hours.

19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None at this time.

20.   List other motions pending.

None.

21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Possible motion to dismiss based on forum non conveniens and motion to apply Mexican law by Defendants once sufficient discovery is completed.

4

22.    List the names, bar numbers, addresses and telephone numbers of all counsel.

_Ray R Marchan_ w/ express permission        11-7-03
                           by Jaime A. Draber   _____
Ray Marchan                                   Date
State Bar No. 12969050
Southern District No.  9522
Watts Law Firm, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 (fax)

Counsel for Plaintiff(s)


_Thomas M. Bullion, III_ w/ express permission   11-7-03
                          by Jaime A. Draber   _____
Thomas M. Bullion III                          Date
State Bar No. 00797325
Southern District No.   14690
Brown McCarroll, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)

Counsel for Defendant Michelin North
America, Inc.


_____        11-7-03
                                     _____
Jaime A. Drabek                      Date
State Bar No. 06102410
Southern District No.   8643
Drabek & Associates
1720 E. Harrison, Suite B
Harlingen, Texas 78550
(956) 428-4544
(956) 428-4880 (fax)

                    /Sam's East, Inc (incorrectly named as
Counsel for Defendant Wal-Mart Stores,
Inc. d/b/a Sam's Wholesale Club ")

5

_Jaime A. Saenz w/ express permission by Jaime A. Drabek_

Jaime Saenz
State Bar No. 17514859
Federal ID No. _7630_
Eduardo Roberto Rodriguez
Federal ID No. 17144000
Southern District No. _____
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (fax)

Counsel for Defendant Ford Motor Company

_11-7-03_

Date

6