# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**NOV 1 3 2003**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE ANGEL ESCOBEDO | § | |
| RODRIGUEZ, DECEASED; and | § | |
| LUIS ALBERTO ESCOBEDO VIERA | § | |
| and JOSE VIERA ESCOBEDO | § | CIVIL ACTION NO: B-03-135 |
| | § | |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| and WAL-MART STORES, INC. d/b/a | § | |
| SAM'S WHOLESALE CLUB | § | |

<u>**DEFENDANT SAM'S EAST, INC.'S MOTION FOR LEAVE TO
FILE ITS FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST
MICHELIN NORTH AMERICA, INC. AND FORD MOTOR COMPANY
FOR CONTRIBUTION AND/OR INDEMNITY**</u>

**TO THE HONORABLE JUDGE OF SAID COURT**

**COMES NOW, DEFENDANT SAM'S EAST, INC. (Incorrectly named as SAM'S
WHOLESALE CLUB a/k/a WAL-MART STORES, INC.**), pursuant to Rules 13 and 15 of
the Federal Rules of Civil Procedure and files this its Motion for Leave to File its First
Amended Answer and Cross Claims against Defendants Michelin North America, Inc. and
Ford Motor Company and would respectfully show the Court as follows:

1.)     On May 29, 2003, Plaintiff Febriona Viera Escobedo, et al. filed suit against
Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club in County Court of Cameron County
Texas, alleging injuries arising out of an automobile accident, which resulted in the death
of Jose Angel Escobedo Rodriguez, occurring on July 19, 2002. Subsequently, the lawsuit
was removed to the United States District Court for the Southern District of Texas.

Plaintiffs allege their injuries are due to the negligence of Sam's Club, its agents servants and employees, for negligence in putting certain products into the stream of commerce and failure to warn of an unreasonably dangerous product.  Plaintiffs also allege negligence and strict liability claims against Defendants Michelin North America, Inc. and Ford Motor Company.

## I.

After the recent taking of depositions, new matters have come to light which suggest additional affirmative defenses.  These newly discovered matters require that the pleadings

conducted to date, Defendants desire leave of court to amend their answer to appropriately

Respectfully submitted,

**DRABEK & ASSOCIATES**

Jaime A. Drabek
SBOT: 06102410
1720 East Harrison, Suite B
Harlingen , Texas 78550
Telephone: 956/ 428-4544
Facsimile:  956/ 428-4880
*Attorneys for Defendant, Sam's East, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing documents have been forwarded to all counsel of record by certified mail, return receipt requested and/or hand delivery on this _____ 10th _____ day of November, 2003.

Mr. Ray R. Marchan                         *CMRRR# 7003-0500-0002-3729-5805*
Mr. Mikal C. Watts
**Watts Law Firm**
1926 E. Elizabeth
Brownsville, Texas   78520

Mr. Thomas M. Bullion, III                 *CMRRR# 7003-0500-0002-3729-5812*
**Brown McCarroll, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas   78701

Mr. Jaime A. Saenz                         *CMRRR# 7003-0500-0002-3729-5829*
**Rodriguez, Colvin & Chaney**
P. O. Box 2155
Brownsville, Texas 78522

Jaime A. Drabek

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **FEBRIONA VIERA ESCOBEDO, et. al.** | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **Civil Action No. B-03-135** |
| | § | |
| **FORD MOTOR COMPANY, et. al.** | § | |
| **Defendants** | § | |

### DEFENDANT SAM'S EAST, INC.'S FIRST AMENDED ANSWER AND CROSS-CLAIMS AGAINST FORD MOTOR COMPANY AND MICHELIN NORTH AMERICA, INC. FOR CONTRIBUTION AND INDEMNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SAM'S EAST, INC. (Incorrectly names as WAL-MART STORES, INC. D/B/A SAM'S WHOLESALE CLUB)**, Defendant in the above styled and numbered cause of action and files this their First Amended Answer to Plaintiff's Original Petition and Cross-Claims against Ford Motor Company and Michelin North America, Inc. and would respectfully show unto the Court as follows:

### I.

### ANSWER

1)    Defendant contends that the Texas Rules of Civil Procedure, as set forth in §1 of Plaintiffs' complaint are not applicable.

2)    Defendant cannot confirm or deny at this time the propriety of Plaintiffs' representation under the Texas Wrongful Death Act and Texas Survival Statutes, as set out in § 2.1 of Plaintiff's Original Petition, and so denies same.



3)   Defendant admits the allegations in §2.2 of Plaintiff's Original Complaint.

4)   Defendant admits the allegations in  §3.1 and 3.2 and 3.3 of Plaintiff's Original
     Complaint.

5)   Defendant denies the  allegations in §4.1 of Plaintiff's Original Complaint.

6)   Defendant admits that Plaintiff's seek damages in excess of $75,000 as alleged in
     §5.1 of Plaintiff's Original Complaint, and contends that the Federal District Court
     has proper jurisdiction of this case.

7)   Defendant is without sufficient information to admit or deny the allegations
     contained in §4.1 of Plaintiff's Original Complaint.

8)   Defendant is without sufficient information at this time to admit or deny the
     allegations in §VII (7.1 - 7-9) of Plaintiff's Original Complaint, but admits that if the
     trier of the fact finds those allegations to be valid, Defendant Ford Motor Company
     is the sole cause of Plaintiffs' alleged injuries.

9)   Defendant is without sufficient information at this time to admit or deny the
     allegations in §VIII (8.1) of Plaintiff's Original Complaint., but admits that if the trier
     of the fact finds those allegations to be valid, Defendant Ford Motor Company is the
     sole cause of Plaintiffs' alleged injuries.

10)  Defendant is without sufficient information at this time to admit or deny the
     allegations in §IX (9.1) of Plaintiff's Original Complaint, and so denies same;
     however, Defendant admits that if the trier of the fact finds those allegations to be
     valid, Defendant Ford Motor Company is the sole cause of Plaintiffs' alleged
     injuries.

11)    Defendant is without sufficient information at this time to admit or deny the
allegations in §X (10.1) of Plaintiff's Original Complaint, and so denies same;
however, Defendant admits that if the trier of the fact finds those allegations to be
valid, Defendant Ford Motor Company is the sole cause of Plaintiffs' alleged
injuries.

12)    Defendant is without sufficient information at this time to admit or deny the
allegations in §XI (11.1 - 11.6) of Plaintiff's Original Complaint., and so denies
same; however, Defendant admits that if the trier of the fact finds those allegations
to be valid, Michelin North America, Inc. is the sole cause of Plaintiffs' alleged
injuries.

13)    Defendant is without sufficient information at this time to admit or deny the
allegations in §XII (12.1 - 12.2) of Plaintiff's Original Complaint, and so denies
same; however, Defendant admits that if the trier of the fact finds those allegations
to be valid, Michelin North America, Inc. is the sole cause of Plaintiffs' alleged
injuries.

14)    Defendant is without sufficient information at this time to admit or deny the
allegations in §XIII (13.1) of Plaintiff's Original Complaint, and so denies same;
however, Defendant admits that if the trier of the fact finds those allegations to be
valid, Michelin North America, Inc. is the sole cause of Plaintiffs' alleged injuries.

15)    Defendant is without sufficient information at this time to admit or deny the
allegations in §XIV (14.1) of Plaintiff's Original Complaint, and so denies same;
however, Defendant admits that if the trier of the fact finds those allegations to be

valid, Michelin North America, Inc. is the sole cause of Plaintiffs' alleged injuries.

16)     Defendant denies each and every allegation contained in § XV (15.1 - 15.7) of Plaintiff's Original Petition.

17)     Defendant denies that the damages as set out in §XVI (16.1) were the result of any acts or omission on the party of Wal-Mart Stores, Inc. d/b/a Sam's Club.

18)     Defendant denies that the damages as set out in §XVII (17.1) were the result of any acts or omission on the party of Wal-Mart Stores, Inc. d/b/a Sam's Club.

19)     Defendant admits that Plaintiffs are seeking recover for pre-judgment and post-judgment interest, as set out in §XIX (19.1) but denies they are entitled to same.

20)     Defendant denies the allegations contained in § XX (20.1) of Plaintiff's Original Complaint.

21)     Defendant denies the allegations contained in §XXI (21.1) of Plaintiff's Original Complaint.

22)     Defendant admits that Plaintiffs are seeking certain reservation of rights as enumerated in § XXII (22.1) of Plaintiff's Original Complaint.

23)     Defendant admits that Plaintiffs are requesting a jury trial.

24)     Defendant is without sufficient information to admit or deny the allegations in § XXIV (24.1) and so denies same.

25)     Defendant admits that Plaintiffs are making requests for disclosures; however, deny that the Texas Rule of Civil Procedure in this regard are applicable.

26)     Defendant denies that Plaintiffs are entitled to the relief requested in their Prayer as set out in Plaintiff's Original Complaint.

## II.

## AFFIRMATIVE DEFENSES

2)    For further answer herein, if such be necessary, Defendant affirmatively asserts that the acts of the deceased, Jose Angel Escobedo Rodriguez, in failing to exercise ordinary care for his own safety, was fifty-one percent (51%) of the cause of the alleged injuries, in the alternative, they were the sole cause.

3)    Alternatively, Defendant affirmatively asserts that the proximate cause of Plaintiffs' injuries were caused, or contributed to, by the negligence of Juan Rangel Espinoza.

4)    Alternatively, Defendant affirmatively asserts that the proximate cause of Plaintiffs' injuries were caused, or contribute to, by the negligence of Defendant Ford Motor Company.

5)    Alternatively, Defendant affirmatively asserts that the product allegedly sold by Wal-Mart Stores, Inc. d/b/a Sam's Club was neither the proximate cause, nor a contributing cause to Plaintiffs' alleged injuries.

6)    Alternatively, Defendant affirmatively states it is entitled to absolute indemnity from the manufacturer of the alleged defective product sold by Wal-Mart Stores, Inc., Michelin North America, Inc. d/b/a Sam's Club pursuant to §82.002 Tex. Civ. Prac. & Rem. Code.

7)    Alternatively, Defendant affirmatively asserts that the product allegedly sold by Wal-Mart Stores, Inc. d/b/a Sam's Club was substantially altered and not in the same condition at the time of the incident forming the basis of this lawsuit as when it left the hands of the seller.

8).    Alternatively, Defendant affirmatively asserts that the product allegedly sold by Wal-

Mart Stores, Inc. d/b/a Sam's Club was not used in a reasonable foreseeable manner.

9)      Defendant affirmatively asserts that Plaintiff has stated no facts, or insufficient facts, to comprise a cause of action for the assessment of punitive damages.  Alternatively, Defendant affirmatively asserts any applicable statutory damages caps.

10)     Defendant affirmatively asserts that Plaintiffs have failed to state sufficient facts to comprise a valid cause of action against this Defendant.

11)     Defendant affirmatively asserts that Plaintiffs have failed to fulfill the conditions precedent for the filing of this cause of action.

**WHEREFORE, PREMISES CONSIDERED**, Defendant pray that it be released, discharged and acquitted of the charges filed against them, that Plaintiffs take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which it will forever pray.

### III.

### CROSS-CLAIM AGAINST MICHELIN NORTH AMERICA, INC. FOR CONTRIBUTION AND STATUTORY INDEMNITY

**COMES NOW, SAM'S EAST, INC. (Incorrectly named as WAL-MART STORES, INC. D/B/A SAM'S CLUB),** Defendant and Cross-Claimant in the above captioned cause, and for its cause of action against Michelin North America, Inc. would show the Court as follows:

1)      Cross-Claimant Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) is a co-Defendant in the above captioned cause and has previously entered its appearance herein.  Cross-Defendant  Michelin North America, Inc. is

a corporation, doing business in Texas and has previously entered its appearance in this cause of action. Cross-Claimant may serve this Cross-Claim by service on Michelin North America, Inc.'s attorney of record.

2)    Plaintiffs Febriona Viera Escobedo individually and as Representative of the Estate of Jose Angel Escobedo Rodriguez, deceased, and Luis Alberto Viera and Jose Viera Escobedo have filed suit against cross-claimant, cross-defendant and others claiming damages from a vehicular collision occurring on or about July 19, 2002, involving a Ford Ranger being driven by Juan Rangel Espinoza wherein Jose Angel Escobedo was a passenger.  Plaintiff alleges that the Ford Ranger went out of control and rolled over causing the injuries and resulting in the death of Jose Angel Escobedo. Plaintiffs alleges, among other allegations,  that a tire manufactured by Michelin North America, Inc. and allegedly sold by Cross-Claimant,  was defective and unreasonably dangerous resulting in Plaintiffs' damages. Plaintiffs' specifically allege that Wal-Mart Stores, Inc. d/b/a Sam's Club is strictly liable for putting defective merchandise into the stream of commerce, it was negligent in putting defective merchandise into the stream of commerce, that it failed to use reasonable care, or that it failed to warn of the defective condition.  Plaintiffs assert malice or and/or gross negligence against Wal-Mart Stores, Inc. d/b/a Sam's Club.

3)    Plaintiff's Original Complaint is previous has been filed with this court and is contained in the court's records.

4)    Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) asserts the provisions of §82.002, which provides that "a manufacturer

shall indemnity and hold harmless a seller against loss arising out of a products liability action, except for any loss caused by the seller's negligence, intentional misconduct, or other act or omissions . . . " These losses include court costs and other reasonable expenses as well as attorney's fees. The duty to indemnify applies without regard to the manner in which the action is concluded.

4)  Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) alleges that, in the unlikely event liability is assessed against it in the above-captioned cause, Cross- Defendant Michelin North America, Inc. should be indemnify Cross-Claimant for any damages assessed against this Cross-Claimant, as well as attorneys fees and costs expended in preparation and trial of this cause.

5)  Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart stores, Inc., d/b/a Sam's Club) alleges that, in the event no liability is assessed against it in the above-captioned cause, Cross-Defendant Michelin North America, Inc. should indemnity Cross-Claimant for all attorney's fees. expenses and costs of court expended in preparation and trial of this cause.

**WHEREFORE, PREMISES CONSIDERED** Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) prays that upon trial hereof if any liability is assessed against it, that it Michelin North America, Inc. indemnify Cross-Claimant for such amounts, including costs of court, expenses and reasonable attorney's fees, and if no liability be assessed against the Cross-Claimant, that Michelin North America, Inc. indemnity it for costs of court, expenses and reasonable attorney's fees, and such other and further relief to which Cross-Claimant may be entitled.

## IV.

### CROSS-CLAIM AGAINST FORD MOTOR COMPANY
### FOR INDEMNITY AND/OR CONTRIBUTION

**COMES NOW, SAM'S EAST, INC. (Incorrectly named as WAL-MART STORES, INC. D/B/A SAM'S CLUB),** Defendant and Cross-Claimant in the above captioned cause, and for its cause of action against Ford Motor Company would show the Court as follows:

1)  Cross-Claimant Wal-Mart Stores, Inc. d/b/a Sam's Club is a co-Defendant in the above captioned cause and has previously entered its appearance herein. Cross-Defendant Ford Motor Company is a Delaware Corporation, doing business in Texas and has previously entered its appearance in this cause of action. Cross-Claimant may serve this Cross-Claim by service on Ford Motor Company's attorney of record.

2)  Plaintiffs Febriona Viera Escobedo individually and as Representative of the Estate of Jose Angel Escobedo Rodriguez, deceased, and Luis Alberto Viera and Jose Viera Escobedo have filed suit against cross-claimant, cross-defendant and others claiming damages from a vehicular collision occurring on or about July 19, 2002, involving a Ford Ranger being driven by Juan Rangel Espinoza wherein Jose Angel Escobedo was a passenger. Plaintiff alleges that the Ford Ranger went out of control and rolled over causing the injuries and resulting in the death of Jose Angel Escobedo. Plaintiff alleges the Ford Ranger was defective in nature and was unreasonable dangerous, resulting in the death of Jose Angel Escobedo Rodriguez and damages to Plaintiffs. Plaintiffs further allege that a tire manufactured by

Michelin North America, Inc. and allegedly sold by Cross-Claimant was defective and unreasonably dangerous resulting in Plaintiffs' damages. Plaintiffs' specifically allege that Wal-Mart Stores, Inc. d/b/a Sam's Club is strictly liable for putting defective merchandise into the stream of commerce, it was negligent in putting defective merchandise into the stream of commerce, that it failed to use reasonable care, or that it failed to warm of the defective condition. Plaintiffs assert malice or and/or gross negligence against Wal-Mart Stores, Inc. d/b/a Sam's Club.

4) Plaintiff's Original Complaint is previous has been filed with this court and is contained in the court's records.

5) Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) alleges that Ford Motor company, its agents or employees, were the sole cause or, alternatively a contributing cause of Plaintiffs' alleged injuries in placing a defective product, a 1994 Ford Ranger, into the stream of commerce which was unreasonable dangerous.

6) Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) alleges that, in the unlikely event liability is assessed against it in the above-captioned cause, Cross- Defendant Ford Motor Company should indemnify Cross-Claimant, or share a comparative responsibility, for any damages assessed against Cross-Claimant.

**WHEREFORE, PREMISES CONSIDERED** Cross-Claimant, Sam's East, Inc. (Incorrectly named as Wal-Mart Stores, Inc. d/b/a Sam's Club) prays that upon trial hereof it recover any judgment assessed against this Cross-claimant, costs of court, expenses and

reasonable attorney's fees, and such other and further relief to which Cross-Claimant may be entitled.

Respectfully submitted,

**DRABEK & ASSOCIATES**
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4880 Facsimile

JAIME A. DRABEK
State Bar No. 06102410
*Attorneys for Defendant WAL-MART STORES,*
*INC. D/B/A SAM'S WHOLESALE CLUB*

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all interested parties of record by certified mail, return receipt requested, on this the _____ *10th* _____ day of November, 2003, to-wit:

Mr. Ray R. Marchan
Mr. Mikal C. Watts
**Watts Law Firm**
1926 E. Elizabeth
Brownsville, Texas   78520

*CMRRR# 7003-0500-0002-3729-5805*

Mr. Thomas M. Bullion, III
**Brown McCarroll, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas   78701

*CMRRR# 7003-0500-0002-3729-5812*

Mr. Jaime A. Saenz
**Rodriguez, Colvin & Chaney**
P. O. Box 2155
Brownsville, Texas 78522

*CMRRR# 7003-0500-0002-3729-5829*

Jaime A. Drabek