

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| FEBRIONA VIERA ESCOBEDO, Individually and As Representative of the Estate of JOSE ANGEL ESCOBEDO RODRIGUEZ, Deceased; LUIS ALBERTO ESCOBEDO VIERA; and JOSE VIERA ESCOBEDO<br><br>VS.<br><br>FORD MOTOR COMPANY; MICHELIN NORTH AMERICA, INC.; and WAL-MART STORES, INC. d/b/a SAM'S WHOLESALE CLUB | United States District Court<br>Southern District of Texas<br>FILED<br><br>FEB 0 9 2004<br><br>Michael N. Milby<br>Clerk of Court<br><br>CIVIL ACTION NO. B-03-135 |

## DEFENDANT FORD MOTOR COMPANY'S ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FORD MOTOR COMPANY, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiffs' Second Amended Original Petition pursuant to Fed. R. Civ. P. 15(a), and in support thereof, would show the Court as follows:

### ANSWER

1. The statements contained in Paragraph 1 of Plaintiffs' Second Amended Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

2. The statements contained in Paragraph 2 of Plaintiffs' Second Amended Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

3. Defendant admits that Ford Motor Company is a Delaware corporation and has entered an appearance herein as alleged in sub-paragraph 3.1 of Paragraph 3 of Plaintiffs' Second Amended Original Petition.

4. Defendant admits the allegations contained in sub-paragraph 3.2 of Paragraph 3 of Plaintiffs' Second Amended Original Petition.

5. Defendant admits the allegations contained in sub-paragraph 3.3 of Paragraph 3 of Plaintiffs' Second Amended Original Petition.

6. Defendant denies that venue is proper in Cameron County, Texas as alleged in sub-paragraph 4.1 of Paragraph 4 of Plaintiffs' Second Amended Original Petition.

7. Defendant admits that the parties to this lawsuit are citizens of different states and that, presumably, the matter in controversy exceeds $75,000 as alleged in Paragraph 5 of Plaintiffs' Second Amended Original Petition. However, Defendant denies that this Court has subject matter jurisdiction in that this lawsuit should have been filed in Mexico. Defendant denies all remaining allegations contained in Paragraph 5 of Plaintiffs' Second Amended Original Petition not specifically admitted herein.

8. Defendant admits that this lawsuit arises out of a one-vehicle accident which occurred in Mexico on or about July 19, 2002. Defendant further admits that Juan Rangel Espinoza was the driver of the vehicle and Jose Angel Escobedo was a passenger in the vehicle at the time of the accident in question. Defendant specifically denies that the vehicle went out of control and rolled over "all of a sudden and without warning." Defendant further denies all remaining allegations contained in sub-paragraph 4.1 of Paragraph IV (on page 3) of Plaintiffs' Second Amended Original Petition.

9. Defendant would show that there is no Paragraph 6 contained in Plaintiffs' Second Amended Original Petition.

10. Defendant admits that the allegations contained in sub-paragraph 7.1 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

11. Defendant admits that at the time the vehicle was sold Ford was in the business of designing, manufacturing, and selling vehicles. Defendant denies all

remaining allegations contained in sub-paragraph 7.2 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

12.    Defendant denies the allegations contained in sub-paragraph 7.3 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

13.    Defendant denies the allegations contained in sub-paragraph 7.4 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

14.    Defendant denies the allegations contained in sub-paragraph 7.5 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

15.    Defendant denies the allegations contained in sub-paragraph 7.6 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

16.    Defendant denies the allegations contained in sub-paragraph 7.7 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

17.    Defendant denies the allegations contained in sub-paragraph 7.8 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

18.    Defendant denies the allegations contained in sub-paragraph 7.9 of Paragraph VII of Plaintiffs' Second Amended Original Petition.

19.    Defendant denies the allegations contained in sub-paragraph 8.1 of Paragraph VIII of Plaintiffs' Second Amended Original Petition.

20.    Defendant denies the allegations contained in sub-paragraph 8.2 of Paragraph VIII of Plaintiffs' Second Amended Original Petition.

21.    Defendant denies the allegations contained in sub-paragraph 9.1 of Paragraph IX of Plaintiffs' Second Amended Original Petition.

22.    Defendant denies the allegations contained in sub-paragraph 10.1 of Paragraph X of Plaintiffs' Second Amended Original Petition.

23.    Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph XI of Plaintiffs' Second Amended Original Petition, and therefore, denies same.

24. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph XII of Plaintiffs' Second Amended Original Petition, and therefore, denies same.

25. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph XIII of Plaintiffs' Second Amended Original Petition, and therefore, denies same.

26. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph XIV of Plaintiffs' Second Amended Original Petition, and therefore, denies same.

27. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph XV of Plaintiffs' Second Amended Original Petition, and therefore, denies same.

28. Defendant denies the allegations contained in Paragraph XVI of Plaintiffs' Second Amended Original Petition.

29. Defendant denies the allegations contained in Paragraph XVII of Plaintiffs' Second Amended Original Petition.

30. Defendant would show that there is no Paragraph XVIII contained in Plaintiffs' Second Amended Original Petition.

31. Defendant denies the allegations contained in Paragraph XIX of Plaintiffs' Second Amended Original Petition.

32. Defendant denies the allegations contained in Paragraph XX of Plaintiffs' Second Amended Original Petition.

33. Defendant denies the allegations contained in Paragraph XXI of Plaintiffs' Second Amended Original Petition.

34. Defendant denies the allegations contained in Paragraph XXII of Plaintiffs' Second Amended Original Petition.

35. The statements contained in Paragraph XXIII of Plaintiffs' Second Amended Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

36. Defendant denies the allegations contained in sub-paragraph 24.1 Paragraph XIV (sic) of Plaintiffs' Second Amended Original Petition.

37. Defendant denies that Plaintiffs are entitled to a judgment, damages, costs, attorney's fees, or any other relief prayed for in the prayer of Plaintiffs' Second Amended Original Petition.

38. Defendant denies each and every allegation contained in Plaintiffs' Second Amended Original Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

39. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to the contributory negligence of Plaintiffs' decedent Jose Angel Escobedo Rodriguez in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Plaintiffs' decedent's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

40. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' alleged injuries and damages were proximately caused by the negligence of the driver of the vehicle, Juan Rangel Espinoza, in that he failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. Third Party Defendant Espinoza's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

41. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

42. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

43. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

44. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' decedent Jose Angel Escobedo Rodriguez, Third Party Defendant Juan Rangel Espinoza, or other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

45. For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the vehicle in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

46. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of their alleged injuries and damages as required by law.

47. For further answer if such be necessary, and pleading in the alternative, Defendant further relies upon its rights in the event the evidence shows any spoliation of evidence by any party.

48. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

49. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiffs and/or Plaintiffs' decedent is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

50. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

51. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiffs in a good faith argument for the reversal or modification of existing law.

52. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically pleads the limitation of recovery of exemplary damages as set forth in Section 41.008, et seq. of the Texas Civil Practice & Remedies Code.

53. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and pleads affirmatively the provisions of Chapter 41, of the Texas Civil Practices & Remedies

Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

54.  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

55.  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)  <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)  <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c)  <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)  <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)  Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

56.  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North*

*America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

### JURY DEMAND

Defendant continues to request a trial by jury.

WHEREFORE, Defendant Ford Motor Company prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

>Respectfully submitted,
>
>RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
>
>By: _____
>Jaime A. Saenz
>State Bar No. 17514859
>Southern District Admissions No. 7630
>   Eduardo Roberto Rodriguez
>State Bar No. 17144000
>Southern District Admissions No. 1944
>1201 East Van Buren
>Post Office Box 2155
>Brownsville, Texas 78522
>(956) 542-7441
>Fax (956) 541-2170
>
>ATTORNEYS FOR DEFENDANT,
>FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Ford Motor Company's Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand in Response to Plaintiffs' Second Amended Original Petition was served upon all counsel of record, to-wit:

>Ray R. Marchan
>Watts Law Firm, LLP
>1926 East Elizabeth
>Brownsville, Texas 78520
>Attorneys for Plaintiffs
>
>Mikal C. Watts
>Watts Law Firm, LLP
>555 North Carancahua, Suite 1400
>Corpus Christi, Texas 78478
>Attorneys for Plaintiffs
>
>Tom Bullion
>Brown McCarroll, LLP
>111 Congress Avenue, Suite 1400
>Austin, Texas 78701
>Attorneys for Defendant Michelin North America, Inc.
>
>Jaime A. Drabek
>Drabek & Associates
>1720 E. Harrison, Suite B
>Harlingen, Texas 78550
>Attorney for Defendant Wal-Mart Stores, Inc. d/b/a Sam's
>    Wholesale Club

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the _____ day of February, 2004.

_____
Jaime A. Saenz