IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE ANGEL ESCOBEDO | § | |
| RODRIGUEZ, DECEASED;  AND | § | CIVIL ACTION |
| LUIS ALBERTO ESCOBEDO VIERA | § | |
| AND JOSE VIERA ESCOBEDO | § | |
| | § | NO. B-03-135 |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| AND WALMART STORES, INC. DBA | § | |
| SAM'S WHOLESALE CLUB | § | |

## PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF EXPERTS

NOW COMES, Febriona Viera Escobedo, Individually and as Representative of

the Estate of Jose Angel Escobedo Rodriguez, Deceased, and Luis Alberto Escobedo

Viera and Jose Enrique Viera Escobedo and Jose Angel Escobedo, Plaintiffs, and file this

their supplemental designation of experts as follows:

I.

In addition to those expert reports previously designated and filed with this

Honorable Court, plaintiffs are filing herewith the Accident Reconstruction Report from

the Irwin Company.

Respectfully submitted this the ___ day of June, 2004.

> WATTS LAW FIRM, L.L.P.
> 1926 East Elizabeth Street
> Brownsville, Texas 78520
> Telephone Number: (956) 544-0500
> Facsimile Number: (956) 541-0255

> Ray R. Marchan
> Attorney for Plaintiffs
> State Bar No.12969050
> Federal I.D. No. 9522

## CERTIFICATE OF SERVICE

On this the 3 day of June, 2004, a true and correct copy of the foregoing instrument was forwarded to all counsel via facsimile, by hand-delivery, or by certified mail, return receipt requested.

> Jaime A. Drabek
> The Law Firm of Rabek & Associates
> 1720 E. Harrison, Ste. B
> Harlingen, Texas 78550

> Thomas M. Bullion, III
> Brown, McCarrol, L.L.P.
> 111 Congress Avenue, Suite 1400
> Austin, Texas 78701

> Jaime A. Saenz
> Rodriguez, Colvin & Chaney
> P.O. Box 2155
> Brownsville, Texas 78522

> Ray R. Marchan

The Irwin Company
5746 Richmond Road
Dallas, Texas 75206
Phone 214-320-8686
Fax 214-320-1007



# Accident  Reconstruction Report

# Escobedo



*Date of Accident:  July 19, 2002*
*Location: Tamaulipus, Mexico*



# Accident Reconstruction

## *Introduction*



The accident took place on July 19, 2002 in Tamaulipas, Mexico. Juan Rangel Espinoza was driving a 1994 Ford Ranger pickup northbound on El Empalme 122. Juan Angle Escobedo Rodriguez was his passenger. Mr. Espinoza lost control of the vehicle, and it moved to the right side of the road. The vehicle yawed in a counterclockwise direction. It departed the roadway and rolled over with the passenger side leading. It traveled through a fence and came to rest upside down on a grassy surface.



The Irwin Company has been requested to analyze the vehicle accident. The analysis has included:

- review of the police report (Spanish and an English translation);

- review of photographs, taken by others, depicting the vehicle at rest and a portion of the accident scene;

- review of photographs, taken by others, depicting the damage to the pickup truck;

- review of a newspaper article reporting the event;

- inspection, photography and measurement of the damaged Ford pickup;

- inspection, photography and three-dimensional measurement of the scene;

- creation of a scaled accident scene diagram;
- analysis relating to vehicle dynamics.

## *Investigation*

### Review of the Police Report

| | |
|---|---|
| Location | Tamaulipas, Mexico |
| Date/Time | July 19, 2002 / 7:10 A.M. |
| Driver 1 | Juan Rangel Espinoza |
| Vehicle 1 | 1994 Ford Pickup |
| Statement of Driver | Driving south to north I felt something in the tire and I lost control of the truck and because the road was little high we rolled over. I was injured and transported to the Hospital Civil for medical attention. My companion Jose Escobedo Rodriguez, 58 years old died when we arrived to the hospital. |
| Determinant Causes | Lack of precaution of the driver who loses control of the vehicle and gets off the road to the left side rolling over ending up with the tires upward. |
| Conditions | Daylight, Morning, No rain of Fog, a two-way road |

### Review of Police Drawing

The investigating officer sketched the accident sequence. The depiction indicates that the vehicle departed the roadway to the left. The depiction indicates the vehicle came to rest off the pavement while upside down.

## Review of Accident Scene Photos.

Photographs of the accident scene were taken by others. The photographs depict the accident scene as it was found on the day of the inspection by The Irwin Company.

The photographs show the rest position of the vehicle. The damaged chain-link fence line is shown. A tree near the fence suffered some limb damage. A portion of the limb is depicted on the right front corner of the vehicle.

A de-treaded tire is depicted in the bed of the pickup.

## Inspection, Measurement and Photography of the Damaged Vehicle

The Ford pickup truck was inspected, measured and photographed. The photographs are included with this submittal and reflect the condition of the vehicle during the scene inspection.

Grade rods, or stand alone measuring tapes, were used to locate specific evidence on the vehicles and to quantify their shapes. Those rods appear in the damage photographs.

In general, the vehicle displayed rollover damage. Each side of the vehicle was scratched, so each side of the vehicle made contact with the road during the roll sequence. All of the scratches were created from contact with a soft surface.

The passenger side made contact with narrow objects. The spacing of the marks is consistent with the construction of the chain-link fence.

## Inspection Measurement and Photography of the Accident Scene

The accident scene was inspected, measured and photographed. The inspection was conducted with the at scene photographs taken by others. The scene was three-dimensionally measured with a

Topcon total station. The measurements were eventually used to create a scaled accident scene diagram.

This road is a two-lane, north-south highway. In the area of the accident, the roadway is generally straight and level. Lane separation is accomplished with pavement paint.

Evidence was measured and collected. The evidence was composed of fence damage and gouge marks. All of the gouge marks were on the pavement.

The gouge mark pattern was created by the rims of a vehicle that moved left while yawing counterclockwise. The description of the evidence matches the description of the path taken by the subject vehicle. The marks are over 100 feet long. Their length is a strong indicator for the probability of marks on the truck's passenger side rims. The marks do not exist on the truck's rims. Thus, the gouge marks cannot affirmatively be tied to this event. However, their projection leads to the evidence trail created during the subject event.

The damaged fence had been repaired; however, the posts were replaced near their original locations. The fence and fence post locations were measured.

The vehicle's rest position was analyzed with photogrammetry.

**Creation of the Scaled Accident Scene Diagram**

An accident scene diagram was created based on the three-dimensional measurements. The scene measurements allowed for the creation of a base diagram which depicted the accident scene as it was found on the day of the inspection.

All of the evidence has been placed on the diagram. The fence line and posts are shown. The rest position is shown.

Numbers were painted on the scene to indicate travel distances. The numbers appear in the scene photographs and are depicted on

the scene diagram. The zero reference was placed near the rest position.



Studies conducted by Orlowski, et al, and presented in Society of Engineers Technical Paper Series Number 890857, *"Reconstruction of Rollover Collisions"*, reveal conclusions related to rollover analysis. Additional papers have been written by Jones and Wilson, *"Techniques for the Reconstruction of Rollover Accidents Involving Sport Utility Vehicles, Light Trucks and Vans"*, and Altman, et al, *"A Comparison of Rollover Characteristics for Passenger Cars, Light Duty Trucks and Sport Utility Vehicles"*.

The collection assists in understanding the analysis of a rollover. Relationships between number of rolls, roll distance and speed are developed.

In this case, the exact roll distance is unknown. The scene inspection revealed that projecting a line from the rest position through the fence damage would indicate about 125 feet of off road travel. There is no "hard surface" scratching on the vehicle, so there is no evidence to support a rollover on the road. Assuming the 125 feet represented the maximum roll distance, the reference papers would lead to the conclusion that the vehicle rolled at a speed near 40 miles per hour, while the vehicle rolled about two and a half (2 ½) times.

The projected path crosses a gravel driveway. There is no clear evidence of contact with the driveway on the vehicle. Thus, it is possible the vehicle rolled as a consequence on encountering the elevated drive. In that case, the vehicle would have rolled about 75 feet. The roll distance implies a roll speed of about 30-35 miles per hour and about one and a half (1 ½) rolls.

Evidence on the vehicle is consistent with the passenger side striking the fence. That side has a unique damage pattern that is consistent with the fence geometry. The right front quarter panel

made contact with a tree very near the fence line. That contact was about 50 feet from rest. Thus, the evidence indicates the vehicle was on its wheels at the fence. Further, it is most probable the vehicle rolled one and a half (1 ½) times from that point to its rest position. If an additional roll occurred, it occurred prior to fence contact but without creating obvious evidence of contact with the driveway.

The pre-roll path included yaw movement to the left. Speed may have been lost during this event, depending on driver input.

## Opinions

- The accident took place on July 19, 2002 in Tamaulipas, Mexico. Juan Rangel Espinoza was driving a 1994 Ford Ranger pickup northbound on El Empalme 122. Juan Angle Escobedo Rodriguez was his passenger.

- Mr. Espinoza lost control of the vehicle, and it moved to the right side of the road. The vehicle yawed in a counterclockwise direction. It departed the roadway and rolled over with the passenger side leading.

- The vehicle traveled through a fence and came to rest upside down on a grassy surface.

- The scene inspection revealed that projecting a line from the rest position through the fence damage would indicate about 125 feet of off road travel. There is no "hard surface" scratching on the vehicle, so there is no evidence to support a rollover on the road.

- Assuming the 125 feet represented the maximum roll distance, the reference papers would lead to the conclusion that the vehicle rolled at a speed near 40 miles per hour, while the vehicle rolled about two and a half (2 ½) times.

- The projected vehicle travel path crosses a gravel driveway. There is no clear evidence of contact with the driveway on the vehicle. Thus, it is possible the vehicle rolled as a consequence on encountering the elevated drive.

- If the vehicle rolled near the driveway, it would have rolled about 75 feet. The roll distance implies a roll speed of about 30-35 miles per hour and about one and a half (1 ½) rolls.

- Evidence on the vehicle is consistent with the passenger side striking the fence. That side has a unique damage pattern that is consistent with the fence geometry. The right front quarter panel made contact with a tree very near the fence line. That contact was about 50 feet from rest. Thus, the evidence indicates the vehicle was on its wheels at the fence.

- It is most probable the vehicle rolled one and a half (1 ½) times from the fence to its rest position. If an additional roll occurred, it occurred prior to fence contact but without creating obvious evidence of contact with the driveway.

- The pre-roll path included yaw movement to the left. Speed may have been lost during this event, depending on driver input.

## Qualifications

I received a Bachelor's degree in Civil Engineering from The University of Texas at Arlington (UTA).

While attending UTA, I was employed by Graham Associates, Inc. as a student engineer. I was also employed at Graham Associates, Inc. as a Design Engineer from 1985 through 1986. Graham Associates, Inc., was a street and highway engineering design company. I assisted the project manager in the production of roadway construction documents.

Additional work included on-site inspection of the construction projects including pavement and drainage facilities, water and sewer utilities as well as resolving design conflicts.

In 1986, I transferred to G.D.I. and Associates, Inc. I worked as a project engineer through 1988. G.D.I. and Associates was a street and highway engineering design company. I was responsible for the production of roadway construction documents and the design of roadway configuration parameters such as horizontal and vertical alignments in accordance with federal, state and local requirements.

In 1988, I began working at Accident Reconstruction Lab. I investigated and reconstructed passenger and commercial vehicle and train accidents. I was responsible for on-site investigation, data collection and subsequent accident site diagrams. I assisted in the analysis of vehicle locations for points of perception-reaction, impact and rest.

In 1990, I founded The Irwin Company. I am responsible for accident investigation, reconstruction and analysis for passenger and commercial vehicles through employment of engineering and scientific disciplines. The company has worked on 1500 to 2000 vehicle accidents over that time span for both plaintiffs and defendants.

I am a member of the Society of Automotive Engineers (SAE), the Texas Association of Accident Reconstruction Specialists, the National Association of Professional Accident Reconstruction Specialists, the New Jersey Association of Accident Reconstructionists, the American Congress on Surveying and Mapping, the American Cartographic Association, the National Society of Professional Surveyors, the American Society of Civil Engineers, the American Society for Photogrammetry and Remote Sensing, and the American Board of Forensic Examiners.

I have fifteen years of education, training and experience in the field of automotive accident reconstruction which includes accident investigation and reconstruction including: **University of Texas at Arlington:    Arlington, Texas,** Bachelor of Science in Civil

Engineering, **Northwestern University:    Evanston, Illinois,** At-scene Accident Investigation, May 1989, Technical Accident Investigation, May 1988, Traffic Accident Reconstruction, December 1989, Traffic Accident Reconstruction II, November 1990, Traffic Control Devices, January 1993, **Texas A&M University:    College Station, Texas,** Commercial Vehicle Accident Reconstruction, December 1991, Applied Physics in Accident Reconstruction, July 1994, Motorcycle Accident Reconstruction, February 1995, Conference on Reconstruction and Safety on the Highway, March 1997, Vehicle Trailer Under-rides, Low Speed Collisions, Night Vision, Conference on Reconstruction and Safety on the Highway, October 1998, Vehicle Crash Tests, Crash Algorithms and Crush Analysis, **Burlington Northern Railroad.,** Grade Crossing Accident Investigation, November 1990, **Texas Association of Accident Reconstruction Specialists,** Staged train crossing accident: train and passenger vehicle, Staged train crossing accident: train and school bus, Pedestrian and pedacyclist vehicle accident reconstruction, The Physics and Basics of Photography, Photogrammetry and Digital Cameras, **Society of Automotive Engineers,** Heavy Vehicle Roll-over, April 1993, **American Society of Civil Engineers,**    HEC    II Stream Analysis, 1985, Roadside Design:  AASHTO Design Guide, January 1997.

I have been qualified as an expert witness in numerous federal and state courts around the United States on issues of accident reconstruction.

I have taught or lectured on the subject of accident reconstruction, including presentations to **National Transportation Safety Board,** "The Use of Total Stations on Accident Scenes", **Texas Association of Accident Reconstruction Specialists,** "The Physics and Basics of Photography, Photogrammetry and Digital Cameras", **Society of Automotive Engineers,** "Accident Reconstruction Using Conservation of Momentum and Energy", **Texas Department of Insurance, Course Number 17619CA030,** "Physics, Facts and Video Tape", **81st Annual Kansas Transportation Engineering Conference**, "Computer Animation of Traffic Accidents", **National Association of County Engineers: National Conference 2000** , "Computer Animation of Traffic Accidents", **Philadelphia**

**Trial Lawyer's Association,** "Accident Investigation and Reconstruction", **Washington Association of Accident Reconstructionists and Texas Association of Accident Reconstruction Specialists,** "Computer Generated Measurement and Mapping of Accident Scenes", **National Association of Legal Investigators,** "Computer Generated Measurement and Mapping of Accident Scenes", **Bucks County Bench/Bar Conference,** "Accident Investigation and Computer Generated Measurements", **Canadian Insurance Claims Managers Association,** "Computer Generated Measurement and Mapping of Accident Scenes", **National Association of Fleet Administrators: New Jersey Chapter,** "Accident Reconstruction and Technology", **National Association of Fleet Administrators: Pennsylvania Chapter,** "Accident Reconstruction and Technology", **American Trial Lawyer's Association (Panel Discussion Group),** "Grade Crossing Accident Investigation and Reconstruction", **American Road and Transportation Builders Association,** "Accident Investigation and Reconstruction in Work Zones", **American Society of Mechanical Engineers,** "Accident Reconstruction", **Texas Trial Lawyers Association,** "Low Speed Accident Reconstruction", **Texas Bar Association,** "Accident Reconstruction and Physical Evidence", **Society of Automotive Engineers,** "Automobile Accident Reconstruction", **Oklahoma Society of Land Surveyors – 33rd Annual Conference,** "The Use of Total Stations on Accident Scenes" and the **Texas Criminal Defense Lawyers Association** "Accident Reconstruction & Technology"

The disclosure above is intended to provide fair disclosure of the opinions to which I will testify at the time of trial, and the factual and scientific bases for those opinions.

I will further testify to details of my opinions, or to related and subsidiary opinions and related and subsidiary factual and scientific basis for my opinions in response to questions of counsel.

I may testify in response to any further document production made by defendants or in response to any further information disclosed by or issues raised by defendants or other witnesses, subsequent to the

signing of this disclosure, which are within my knowledge, background, qualifications or expertise.


Steve Irwin
The Irwin Company