41

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE ANGEL ESCOBEDO | § | |
| RODRIGUEZ, DECEASED; AND | § | CIVIL ACTION |
| LUIS ALBERTO ESCOBEDO VIERA, | § | |
| JOSE VIERA ESCOBEDO and | § | |
| JOSE ANGEL ESCOBEDO, JR. | § | |
| | § | |
| V. | § | NO. B-03-135 |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| AND WALMART STORES, INC. | § | |
| D/B/A SAM'S WHOLESALE CLUB | § | |

FORD MOTOR COMPANY'S MOTION FOR PARTIAL
SUMMARY JUDGMENT -- MISREPRESENTATION CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

In accordance with FED. R. CIV. P. 56(b) defendant, Ford Motor Company

("Ford"), moves the Court for judgment as a matter of law with respect to plaintiffs' pled

claims for recovery based upon an alleged "misrepresentation." The grounds for granting

this motion are as follows:

1.    **NATURE OF LAWSUIT.**

This is a negligence and product liability case arising out of a single vehicle

rollover accident which occurred on or about July 19, 2002. Paragraph IX of Plaintiffs'

Second Amended Original Complaint alleges the following particulars:

9.1    Ford misrepresented the character and quality of the
Ford Ranger Pickup. The misrepresentations were of such a
nature as to render Ford strictly liable for the injuries and
damages to Plaintiffs, including the death of JOSE ANGEL
ESCOBEDO RODRIGUEZ. Ford engaged in the course of
advertising, marketing, and promoting this line of vans,
including the Ford Ranger Pickup in question. Ford made
false representations that included express and implied
misrepresentations of material fact concerning the character
and quality of the product and materials used in constructing
the vehicle in question. The misrepresentations were made
through advertising, marketing, and promoting the product,
the totality of which, taken as a whole, falsely misrepresented
that the product was safe for use in a manner indicated by
Ford to be suitable for consumers such as Plaintiffs.

Plaintiffs' Second Amended Original Complaint at page 8.

## 2.    MISREPRESENTATION CLAIMS.

A number of *different* claims and theories of recovery have been pled. Not all the

pled claims and theories are supported by the evidence. Each theory must be considered

separately. In Plaintiffs' Second Amended Complaint, Plaintiffs seek recovery under

both negligence and strict liability based upon a claimed "misrepresentation:"

### IX.
### 402B Misrepresentation

9.1    Ford misrepresented the character and quality of the
Ford Ranger Pickup. The misrepresentations were of such a
nature as to render Ford strictly liable for the injuries and
damages to Plaintiffs, including the death of JOSE ANGEL
ESCOBEDO RODRIGUEZ. Ford engaged in the course of
advertising, marketing, and promoting this line of vans,
including the Ford Ranger Pickup in question. Ford made
false representations that included express and implied
misrepresentations of material fact concerning the character
and quality of the product and materials used in constructing
the vehicle in question. The misrepresentations were made
through advertising, marketing, and promoting the product,

2

> the totality of which, taken as a whole, falsely misrepresented
> that the product was safe for use in a manner indicated by
> Ford to be suitable for consumers such as Plaintiffs.

Plaintiffs' Second Amended Original Complaint at page 8.

## 3.   ELEMENTS OF A CLAIM FOR RECOVERY BASED UPON AN ALLEGED "MISREPRESENTATION."

This is a no-evidence motion for summary judgment. FED. R. CIV. P. 56(b). Summary judgment is designed to isolate and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrell*, 477 U.S. 317, 323-24 (1986). Plaintiffs= claims for recovery based upon Amisrepresentation= are governed by section 402B, Restatement (Second) of Torts, which provides:

> One engaged in the business of selling chattels who, by advertising labels, or otherwise, makes to the public a misrepresentation of a material fact concerning the character or quality of a chattel sold by him is subject to liability for physical harm to a consumer of the chattel caused by justifiable reliance upon the misrepresentation, even though
>
> (a)   it is not made fraudulently or negligently, and
>
> (b)   the consumer has not bought the chattel from or entered into any contractual relation with the seller.

Restatement (Second) of Torts section 402B (1965) (emphasis added). Thus, to sustain their alleged section 402B cause of action, plaintiffs must establish, in addition to causation, the existence of *a misrepresentation of a material fact* and *justifiable reliance* upon that alleged misrepresentation. In the present case, Plaintiffs can prove neither.

3

4.    **SUMMARY JUDGMENT IS PROPER**

    A.    <u>Plaintiffs= allegations are deficient</u>.

The allegations of Amisrepresentations≊ made by Plaintiffs are merely Ageneral allegations≊ that presumably the Explorer is not suitable as a passenger vehicle, and that by selling the Explorer, Ford *impliedly represented* otherwise.    Implied representations are insufficient as a matter of law to trigger liability under 402B.    *See Rehler v. Beech Aircraft Corp.*, 777 F.2d 1072, 1077 n. 8 (5th Cir. 1985) (noting that under Texas law, section 402B covers only affirmative or express misrepresentations); *Adkins v. Ford Motor Company*, 446 F.2d 1105 (6th Cir. 1971) (misrepresentation requires reliance on Aa particular and specific statement concerning the quality or fitness as the foundation for an action of misrepresentation under section 402B).

Illustrative of this principle is *Frank v. National Dairy Products Corp.*, 282 F.Supp. 528 (W.D. Tex. 1968), *aff=d*, 414 F.2d 682 (5th Cir. 1969), in which the plaintiff was injured when shortening, manufactured by the defendant, exploded as the plaintiff attempted to drain the shortening from a cooker.    At trial, the plaintiff contended that the defendant=s brochures, espousing the virtues of the shortening and suggesting uses for the product, were accompanied by an *implied* representation that the shortening could be used in the manner giving rise to the accident.    *Id.* at 533.    The court squarely rejected this Aimplied representation≊ theory, observing:

> The language in the Restatement of Torts, particularly in Comment h to Section 402B, directs our attention to what we normally denominate as **express** representations, either oral or written.    While the illustrations in the Section were

4

> certainly not intended to be exhaustive, nevertheless, they
> speak only in terms of **express** representations.

*Id.* (emphasis added).  Thus, recovery was not permitted on the plaintiff=s section 402B

claim.

In the present case, Plaintiffs= section 402B claims are, from a legal standpoint,

equivalent to that of the plaintiff in *Franks*.  Notwithstanding the absence of a specific

affirmative representation related to the Explorer=s handling and stability, Plaintiffs

seemingly contend that Ford=s advertising and promotion renders it strictly liable.

Essentially, Plaintiffs seek to make Ford an absolute insurer of the Explorer, simply by

virtue of placing the vehicle on the market.  The court in *Franks*, in language applicable

to the present case, rejected that same argument:

> [i]f one adopts plaintiff=s contention that implicit in the
> presence of a product in the marketplace is the implied
> guarantee that it will safely do the job for which it was
> intended, then the section 402A requirement that a product
> not only be dangerous (i.e. unsafe) but unreasonably so has
> been redefined in terms solely of a representation of safe use;
> and the section 402A requirement of proof (by direct or
> circumstantial evidence) of >defective condition= has been
> effectively extinguished.  At that point, we may well have
> reached the age in which, at least as to safe use to prevent
> physical harm to consumers, we have made manufacturers
> absolute insurers.  This court does not feel warranted in
> making such an assumption as to the Texas view of products
> liability.

*Id.* at 533-34.  Accordingly, only definitive and precise affirmations that a product will

perform in a particular manner which it in fact will not, supply the basis for a section

5

402B cause of action. In the absence of such representations, summary judgment is proper.[1]

B.    There is no evidence of any misrepresentation of material fact.

Plaintiffs fail to allege any specific representations. Based on Plaintiffs= allegations, there is no substantive difference between a strict liability design defect claim and a § 402B misrepresentation claim. That reasoning is flawed.

A number of courts have held that general representations leading a consumer to the conclusion that a product is desirable and should be purchased cannot create liability on the part of the seller. *Collins v. Wayne Corp.*, 621 F.2d 777, 778, 786-87 (5th Cir. 1980) (statement in manufacturer=s brochure that buses were Aoutstanding for daily route service≅ constitutes Apuffing≅ and insufficient basis for section 402B recovery); *Hoffman v. A.B. Chance Co.*, 339 F.Supp. 1385, 1388 (M.D. Pa. 1972) (same holding where manufacturer stated that a product Aoffered unprecedented safety≅); *Berkebile v. Brantly Helicopter Corp.*, 337 A.2d 893, 903 (Pa. 1975) (same holding where manufacturer stated that its helicopter was Aeasy to operate.≅).

Thus, the statement or statements upon which the purchaser of a product bases a section 402B claim must specifically represent, in unambiguous terms, that the product has a particular quality or characteristic which it in fact does not have (or vice versa). There is no evidence of such representations in this case.

---

[1] Though few Texas courts have permitted recovery under Section 402B, those which have required very specific representations to support the plaintiffs= claims. For instance, the Supreme Court in *Crocker v. Winthrop Lab., Div. of Sterling Drug, Inc.*, 514 S.W.2d 429 (Tex. 1974) allowed recovery against a drug manufacturer when the plaintiff became addicted to the drug only upon a showing that the drug company Apositively and specifically represent[ed] its product to be free and safe from all dangers of addiction....≅ *Id.* at 433.

6

C.    There is no evidence of justifiable reliance.

Since Ford made no affirmative representation in its advertising concerning the seat belt system the owner could not have relied upon any such representation in purchasing this Explorer.    Even assuming, *arguendo*, that Plaintiffs could point to a qualifying representation, which they cannot, recovery under section 402B is nonetheless unavailable.

Comment j to section 402B, concerning justifiable reliance, provides that liability does not attach Awhere the misrepresentation is not known, or there is indifference to it, and it does not influence the purchase or subsequent conduct.≈ Here, there is no evidence of justifiable reliance on any representation made by Ford.

D.    No alleged misrepresentation is a producing cause of the injuries at issue.

Plaintiffs cannot recover on their Amisrepresentation≈ theory based upon Restatement (Second) of Torts section 402B unless Plaintiffs further establish that the alleged misrepresentation was a producing cause of their alleged damages.    *See General Motors Corp. v. Hopkins*, 548 S.W.2d 344, 351 (Tex. 1977) (strict products liability); *overruled on other grounds, Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex.1979).    Thus, in addition to the points discussed above related to the absence of a material representation and justifiable reliance, Ford is entitled to  summary judgment on Plaintiffs= alleged misrepresentation cause of action if there exists no genuine issue of material fact on the element of causation.

AProducing cause,≈ in the context of strict products liability, is defined as Aan efficient, exciting, or contributing cause, which in a natural sequence, produces injuries

7

or damages≅ of which plaintiffs complain. *Rourke v. Garza*, 530 S.W.2d 794, 801 (Tex. 1975) (strict products liability); *Dubow v. Dragon*, 746 S.W.2d 857, 860 - 61 (Tex. App. -- Dallas 1988, no writ). If Plaintiffs cannot establish that an alleged misrepresentation was the producing cause of their damages, then Ford is entitled to summary judgment. *See Dubow*, 746 S.W.2d at 860 - 61.

## 5. CONCLUSION

In summary, Plaintiffs are unable to prove at least one essential element of their asserted cause of action based on alleged misrepresentations by Ford. Plaintiffs= misrepresentation claims fail because: (1) Ford made no material representation in its advertising that no one would ever be injured in an Explorer if they were wearing their seat belt; and (2) the owner of the vehicle did not justifiably rely upon any representation contained in Ford=s advertising or marketing. Ford is further entitled to summary judgment on all of Plaintiffs= misrepresentation claims because there is no evidence that any claimed misrepresentation by Ford was a producing cause of Plaintiffs= alleged damages.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that plaintiffs take nothing on all pled claims for recovery based upon an alleged "misrepresentation.

AUS:2148127.1
1.809

Respectfully submitted,

RODRIGUEZ COLVIN, CHANEY &
SAENZ, L.L.P.
1201 East Van Buren
Brownsville, TX 78520
(956) 542-7441 - Telephone
(956) 541-2170 - Facsimile

By: _____
    Jaime A. Saenz
    State Bar No. 17514855

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below in compliance with the Federal Rules of Civil Procedure on this **10** day of June, 2004.

Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 Elizabeth
Brownsville, TX 78520

Mikal C. Watts
WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478

Tom Bullion
Brown McCarroll, L.L.P.
111 Congress Avenue, Suite 1400
Austin, TX 78701

Jaime Saenz

10

AUS:2148127.1
1.809