United States District Court
Southern District of Texas
FILED

JUN 1 0 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA, JOSE VIERA ESCOBEDO and JOSE ANGEL ESCOBEDO, JR. | § § § § § § § § § | CIVIL ACTION |
| V. | § § | NO. B-03-135 |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB | § § § § | |

**FORD MOTOR COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT – CLAIMS BASED UPON ALLEGED POST-SALE DUTIES TO RECALL OR WARN**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

This Court should grant summary judgment in defendant Ford Motor Company's ("Ford") favor on plaintiff's pled strict liability and negligence claims respecting the existence of a post-sale duty to recall or warn.

1.  **Plaintiff's Pled Failure-to-Recall and Post-Sale Duty to Warn Claims**

In Plaintiff's Second Amended Original Petition, plaintiff alleges, in part, the following post-sale duty claims:

*VIII.*

**Negligence and Negligence Per se**

8.1   Ford committed acts of omission and commission, which collectively and severally constituted negligence, and were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, including the death of JOSE ANGEL ESCOBEDO RODRIGUEZ.

. . . .

- Failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards;

- Failing to notify consumers, as required by law, that a defect existed in the vehicle that related to public safety (negligence *per se* 49 USC §§ 30118-30119); and

- Failing to recall the vehicle or, alternatively, retrofitting the vehicle to enhance safety (negligence *per se*, 49 USC §§ 30118-30119).

Plaintiff's Second Amended Original Petition at ¶ VIII, pages 6-8.

2.   **Texas Does Not Recognize Any Common Law Post-Sale Duties Applicable To The Present Case**

In general, Texas does not recognize any common law post-sale duty to warn or recall. *See Syrie v. Knoll Int'l*, 748 F.2d 304, 311 & 312 (5th Cir. 1984) (noting that "Texas does not impose on manufacturers the duty to warn about or to recall products for which a safer design has been developed"). *See also Arkwright-Boston Manufacturers Mut. Ins. Co. v. Westinghouse*, 844 F.2d 1174, 1185 (5th Cir. 1988) (holding that "under Texas law there is no post-sale common law duty to warn. . ."); *McLennan v. American Eurocopter Corp., Inc.*, 245 F.3d 403, 430 (5th Cir. 2001) ("Texas courts generally do not recognize any post-sale duty to warn of product hazards arising after the sale."); *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567 (5th Cir. 2001) (same). The only exception to this rule is when the manufacturer (a) has a replacement program in existence; and (b) regains a significant degree of control over the product. *See Dion v.*

2

*Ford Motor Company,* 804 S.W.2d 302, 311 (Tex. App. – Eastland 1991, writ denied). Neither set of facts exists in this case.

### 3. Any Claim That A Jury Can Decide If Ford Failed To Initiate A Safety Recall Under The Motor Vehicle Safety Act Is Impliedly Preempted By Federal Law

The Motor Vehicle Safety Act does not create a private cause of action under federal law whereupon a private litigant may seek to enforce the provisions of the Safety Act. Ford anticipates that plaintiff will contend that the absence of a Texas common law duty to recall, retrofit or issue post-sale warnings is not dispositive of their post-sale duty to warn and recall claims because such a duty is imposed *as a matter of federal law*. The argument is that (a) automobile manufacturers like Ford have an obligation to notify the National Highway Traffic & Safety Association (NHTSA) about safety related defects and the specific defects which the plaintiff claims in his case fall within that category; (b) had the automobile manufacturer notified NHTSA of that defect, then NHTSA would have ordered a recall; and (c) had the product been recalled, this plaintiff would not be injured.

Any attempted creation of a duty to recall based upon provisions of the Federal Motor Vehicle Safety Act fails because those claims are *impliedly preempted* by federal law for the reasons set forth in the accompanying brief. The provisions of the Federal Motor Vehicle Safety Act do not create a separate private cause of action. A private litigant may not seek to enforce the provisions of the Motor Vehicle Safety Act. Only NHTSA can enforce the provisions of the Safety Act.

WHEREFORE, PREMISES CONSIDERED, Ford prays that this motion be granted and that plaintiff take nothing on all pled claims for recovery based upon an alleged "manufacturing defect." Ford further prays for such other and further relief to which it may be justly entitled.

> Respectfully submitted,
>
> RODRIGUEZ COLVIN, CHANEY &
> SAENZ, L.L.P.
> 1201 East Van Buren
> Brownsville, TX 78520
> (956) 542-7441 - Telephone
> (956) 541-2170 - Facsimile
>
> By: _____
> Jaime A. Saenz
> State Bar No. 17514859

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth/below in compliance with the Federal Rules of Civil Procedure on this 10 day of June, 2004.

Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 Elizabeth
Brownsville, TX 78520

Mikal C. Watts
WATTS LAW FIRM, L.L.P.
555 N. Carancahua, Suite 1400
Corpus Christi, TX 78478

Tom Bullion

4

AUS:2148048.1
1.809

Brown McCarroll, L.L.P.
111 Congress Avenue, Suite 1400
Austin, TX  78701

_____
Jaime Saenz