IN THE UNITED STATES DISCT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO | § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-135 |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB | § § § § | |

### MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB'S MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR EXTENSION OF TIME TO DESIGNATE TIRE EXPERT AND FILE REPORTS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE EZ NINO, ET AL, plaintiffs, and file this their Motion for Extension of Time to File Response to Defendants Michelin North America, Inc.'s and Walmart Stores, Inc. d/b/a Sam's Wholesale Club's Motions for Summary Judgment and Motion for Extension of time to Designate Tire Expert and Reports, and in support thereof would respectfully show the court as follows:

I.

Defendant Michelin North America, Inc. and Walmart Stores, Inc. d/b/a Sam's Wholesale Club's filed their Motions for Summary Judgment and the same are pending before this Honorable Court.

II.

Contrary to Defendant Michelin North America, Inc. and Walmart Stores, Inc. d/b/a Sam's Wholesale Club position, Plaintiffs do have valid claims and theories of liability against the tire manufacturer and as such should have the opportunity to designate a tire expert and file the appropriate expert report regarding the tire defect.

Defendant Michelin North America, Inc. and Walmart Stores, Inc. claim that Plaintiffs' have no justifiable excuse for failing to designate a tire expert to address the tire failure claims against them. However, Defendants have first hand knowledge of the handicap which they themselves placed upon the plaintiffs by keeping the tire for a ~~an extended period of time.~~

Defendant Michelin filed a motion to compel production of the tire which the court granted on April 19, 2004. Plaintiffs turned over the tire on April 29, 2004. See attached Order attached at Exhibit 1 attached hereto and made a part hereof. Because of the upcoming plaintiffs designation of experts, plaintiffs requested that the tire be returned to their office so that plaintiffs' expert could continue testing and evaluating the said tire so that a report could be written and filed with this Honorable Court. Finally, only after requests from Plaintiffs, the last one through correspondence dated June 15, 2004, attached hereto as Exhibit 2 and made a part hereof, Defendant Michelin returned the tire on June 28, 2004, and that same day it was shipped to the expert for his final review.

III.

As a result of the above, defendants placed the plaintiffs at a disadvantage by keeping the tire in the period of time which plaintiffs expert would have been completing testing and evaluation of the tire in order to timely produce an expert report.

Plaintiff will suffer actual and substantial prejudice if they are not permitted to designate and file a tire expert report. Plaintiffs cannot procure this information from

any other source. This request for extension will not prejudice defendants because the discovery deadline in this case not until October 8, 2004, thereby allowing defendants plenty of time to depose the tire expert witness. This Honorable Court has scheduled a docket call for November 2, 2004.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court allows an extension of time to respond to defendant Michelin North America's, Inc. and Wal-Mart Stores, Inc. d/b/a Sam's Whole Club's motions for summary judgment and further pray that they be allowed an extension of time to designate a tire expert and file the report and for such other and further relief, at law or in equity, to which they may show themselves justly entitled to receive.

Respectfully submitted this the 9th day of July, 2004.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

Ray R. Marchan
State Bar No. 12969050
Federal I.D. No. 9522
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of July, 2004, a true and correct copy of the foregoing instrument was forwarded to opposing counsel, via fax, by hand-delivery or by U.S. Mail.

Ray R. Marchan

## CERTIFICATE OF CONFERENCE

On Friday, July 9, 2004, a copy of the foregoing motion was faxed to all counsel in this case seeking their position to plaintiffs' motion. Counsel for defendants responded as follows

Jaime Drabek, attorney for Walmart Stores, Inc. d/b/a Sam's Wholesale Club, was unavailable and could not give his position to this motion.

Mr. Jaime Saenz, attorney for Defendant Ford Motor Company. Mr. Saenz was unavailable and could not give his position to this motion.

Mr. Thomas M. Buillion, III, attorney for Defendant Michelin North America, Inc. was unavailable and could not give his position to this motion.

Respectfully submitted this the 9th day of July, 2004.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 FAX

Ray R. Marchan
State Bar No. 12969050
Federal I.D. No. 9522
*Attorney for Plaintiffs*

REC'D APR 26 2004

FILE COPY

# 5628
X.H.D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 19 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| FEBRIONA VIERA ESCOBEDO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO | § § § § § § § § § § |
| | CIVIL ACTION NO.:03-CV-135 |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC., DBA SAM'S WHOLESALE CLUB | § § § § |

## ORDER

On the 15th day of April, 2004, Defendant Michelin North America, Inc.'s Motion to Compel Production of Tire For Inspection came on for hearing. The Court is of the opinion that defendant's motion should be granted.

IT IS, THEREFORE, ORDERED that plaintiffs must produce to Michelin North America, Inc. the accident tire, wheel and all pieces of the tire at the following location within fourteen (14) days of the signing of this order for non-destructive testing.

> Michelin North America
> 1785 New Cut Road
> Spartanburg, South Carolina 29303
> Attn.: Tim Thames

IT IS FURTHER ORDERED that Michelin North America, Inc. shall return the accident tire, wheel and all pieces of the tire it receives to plaintiffs within 60 days of its receipt of the accident tire, wheel and all pieces of the tire.



FILE COPY   REC'D APR 26 2004

SO ORDERED, this 15th day of April, 2004.

_____
JUDGE PRESIDING