IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUL 1 9 2004
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; and LUIS ALBERTO ESCOBEDO VIERA and JOSE VIERA ESCOBEDO | § § § § § § § § | |
| VS. | § § § | CIVIL ACTION NO: B-03-135 |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. and SAM'S EAST, INC. | § § § | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO DESIGNATE AND DISCLOSE EXPERTS AND REQUEST FOR EXPEDITED RULING

COMES NOW, Defendant, **Sam's East, Inc.**, and files this its Unopposed Motion for Extension of Time to Designate and Disclose Experts Experts and Request for Expedited Ruling, and in support thereof would respectfully show unto this Court as follows:

I.

This is a products liability action arising out of injuries allegedly suffered by plaintiffs as a result of an automobile accident which occurred on July 19, 2002.

II.

Plaintiffs sued Sam's East, Inc., asserting vague theories of product liability including alleged design, manufacturing and marketing defects in the tire in question. Plaintiffs also asserted claims of negligence, negligence *per se*, gross negligence and misrepresentation.

III.

This Court signed its scheduling order in January 2004, making plaintiffs' expert designation deadline May 17, 2004 and defendants' expert designation deadline July 16, 2004.

IV.

On their expert deadline of May 17, 2004, plaintiffs designated the following experts, but only provided reports from their vehicle design and psychologist experts:

    Accident reconstruction, Steve Irwin

    Medical cause of injury: Dr. Joseph Burton

    Alternate vehicle design: John Stilson

    Clinical psychologist: Dr. David Feltoon

    Economist: Steven Horner

Plaintiffs later provided reports from their other experts. However, neither plaintiffs' designations nor their experts' reports addressed their tire failure allegations.

V.

On June 3, 2004, Michelin North America filed a motion for summary judgment on the grounds that "absent expert testimony, plaintiffs' claims and theories of liability against Michelin must fail." As of this date, plaintiffs have not responded to Sam's East, Inc.'s motion for summary judgment.

VI.

Sam's East, Inc. requests this Court to extend its deadline to designate experts until after the Court rules on its motion for summary judgment or after plaintiffs designate a tire expert and provide a report from such expert. This request is not made merely for delay,

but so that Sam's East, Inc. is not required to waste time and money on issues that may be disposed of by summary judgment. Also, the rules of discovery and the Court's scheduling order contemplate that a defendant's expert witnesses respond to the allegations and opinions offered by plaintiffs' expert witnesses. In this case, however, there is no tire expert to which Sam's East, Inc. can respond. Accordingly, Sam's East, Inc. requests that the Court extend its deadline to designate experts until thirty (30) days after the Court rules on Sam's East, Inc.'s motion for summary judgment or after plaintiffs designate a tire expert and provide a report from such expert.

WHEREFORE, PREMISES CONSIDERED, defendant Sam's East, Inc. prays that the Court grant this motion for extension of time to designate expert witnesses and request for expedited relief, and for all other and further relief to which it is justly entitled.

Respectfully submitted,

DRABEK & ASSOCIATES

Jaime A. Drabek
SBOT: 06102410
1720 East Harrison, Suite B
Harlingen, Texas 78550
Telephone: 956/ 428-4544
Facsimile:   956/ 428-4880
*Attorneys for Defendant, Sam's East, Inc.*

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____   I have been unsuccessful in my attempt to contact plaintiff's counsel.

_____   I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

_____   This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

✓   Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

_____
Jaime A. Drabek

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing documents have been forwarded to all counsel of record by certified mail, return receipt requested and/or hand delivery on this _____16th_____ day of July, 2004.

| | |
|---|---|
| Mr. Ray R. Marchan<br>**Watts Law Firm**<br>1926 E. Elizabeth<br>Brownsville, Texas   78520 | *Via Regular Mail* |
| Mr. Mikal C. Watts<br>**Watts Law Firm**<br>555 North Carancahua, Suite 1400<br>Corpus Christi, Texas   78478 | *Via Regular Mail* |
| Mr. Chris A. Blackerby<br>**Brown McCarroll, L.L.P.**<br>111 Congress Avenue, Suite 1400<br>Austin, Texas   78701 | *Via Regular Mail* |
| Mr. Jaime A. Saenz<br>**Rodriguez, Colvin & Chaney**<br>P. O. Box 2155<br>Brownsville, Texas 78522 | *Via Regular Mail* |
| Ms. Jill Goldsmith<br>**Bowman & Brooke**<br>2929 N. Central, Suite 1700<br>Phoenix, Arizona   95012 | *Via Regular Mail* |

_____
Jaime A. Drabek