

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FEBRIONA VIERA ESCOBEDO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO<br>Plaintiffs<br><br>vs.<br><br><br>FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND SAM'S EAST, INC., INCORRECTLY NAMED AS WAL-MART STORES, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 03-CV-135 |

## DEFENDANT SAM'S EAST, INC.'S
## MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVE
## MOTION TO APPLY THE SUBSTANTIVE LAW OF MEXICO

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant **SAM'S EAST, INC.** (originally and incorrectly identified by Plaintiffs as "Wal-Mart Stores, Inc. d/b/a Sam's Wholesale Club") appears and files this its Motion for Summary Judgment in favor of Sam's East, Inc. as to all claims asserted against this defendant, pursuant to Rule 56 of the Federal Rules of Civil Procedure. There are no genuine issues of fact at issue and Sam's East, Inc. is entitled to judgment as a matter of law for reasons stated below. In support of its Motion, Sam's East, Inc. would show the Court as follows:

### A.

### DEFENDANT SAM'S EAST, INC'S MOTION FOR SUMMARY JUDGMENT

**I.**

## Background and Summary

1.1    Plaintiffs filed suit on May of 2003, alleging that on or about July 19, 2002, Juan Rangel Espinoza was driving northbound on a highway when he lost control of his vehicle.  As a result the Ford Ranger rolled resulting in the death of his passenger, Jose Angel Escobedo.  Plaintiffs are the survivors and heirs of the deceased Jose Angel Escobedo.

1.2    Plaintiffs filed suit against Ford Motor Company (the manufacturer of the vehicle at issue), Michelin North America, Inc. (the alleged manufacturer of the tires which were on the vehicle), and Wal-Mart Stores, Inc d/b/a Sam's Wholesale Club (properly Sam's East, Inc.) (the alleged seller of the tires which were on the vehicle).  The causes of action alleged against Sam's East, Inc. include a strict products liability action against Sam's East, Inc., as seller of the Michelin tires, under Section 82.001 et. seq. of the Texas Civil Practice and Remedies Code, and negligence in failing to warn of a defect in the product it allegedly sold.

1.3    Plaintiffs cannot possibly sustain any cause of action against Sam's East, Inc., as (1) there is not a scintilla of admissible evidence that the tires at issue were sold by Sam's East, Inc. and, thus, Sam's East, Inc. cannot be shown to be a "seller" under the definition in Section 82.00, (2) the strict liability claim against Sam's East, Inc. is a derivative claim, in that it is dependent upon Plaintiffs' proving that Michelin manufactured a defective product and (3) there is not a scintilla of admissible evidence that Sam's East, Inc. altered or repaired the tires at issue.  Because Plaintiffs do not have a scintilla of evidence that Michelin sold a defective product, there can be no cause of action against Sam's East, Inc. for selling a defective product.  Therefore, there are no genuine issues

of material fact at issue, and Defendant Sam's East, Inc. is entitled to summary judgment as a matter of law.

## II.

## Summary Judgment Standards

2.1    As stated in **Federal Rules of Civil Procedure, Rule 56(c),** summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

2.2    As stated by the United States Supreme Court in *Celotex v. Catrett,* **477 U.S. 321, 106 S. Ct. 2548 2552 (1986):**

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an elemental essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law: because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

**Accord: *Templet v. Hydrochem, Inc.*, 367 F.3d 473 (5th Cir. 2004).**

2.3    Perhaps recognizing the impossibility of "proving" a negative, the *Celotex* Court further found no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claims. *Id.* **at 2553.**

III.

## Argument and Authorities

**A.**    ***There is not a scintilla of admissible evidence that the tires on the vehicle in question were purchased from Sam's East, Inc. or of when the tires were purchased.***

3.1.    Sam's East, Inc. submitted Requests for Admission 3, 4, 5, & 6, regarding evidence of the purchase of the tires at issue, Plaintiffs only response is that "Juan Rangel states that the tires on his vehicle were purchased at Sam's in Brownsville." ***See Plaintiff's Responses to Defendant Sam's East Inc.'s Request Second Request for Admissions, attached hereto as "Exhibit A."***

3.2    Juan Rangel Espinoza, the owner and operator of the vehicle in question at the time of the incident forming the basis of this law suit, testified as follows:

a)    On a recent trip, Mr. Espinoza noticed that the tires on the Ford Ranger were not in good shape.    Thus, he exchanged the four tires on his vehicle for four tires on a vehicle belonging to his brother, Jorge Espinoza.  He claims that the former owner (name unknown) told his brother that he purchased the tires in question at "Sam's in Brownsville".  ***See excerpts of the deposition of Juan Rangel Espinoza, pages 13 through 17 and pages 49 through 50, attached hereto as Exhibit "B."***

b)    He has never seen an alleged receipt for the purchase of the tires from Sam's Club.  He claims his brother had one but "couldn't find it." ***See excerpts of the deposition of Juan Rangel Espinoza taken on July 8, 2004, page 56, attached hereto as Exhibit "B."***

3.3    Thus, Plaintiffs are relying solely on the statements of Juan Rangel Espinoza for proof of the origin of the tires.  Juan Rangel Espinoza is relying on the statements of

Jorge Espinoza who, in turn, is relying on the testimony of an unknown seller of Jorge's station wagon. There is no evidence of a receipt for sale of tires from Sam's Club in Brownsville. Nor is there any evidence of when the tires may have been purchased.

3.4.    Rule 803 of the Federal Rules of Civil Procedure clearly states that hearsay is not admissible except as provided by stature or these rule or by other rules prescribed pursuant to statutory authority. Of the twenty-four exceptions listed to the inadmissibility of hearsay, none are applicable to the above-stated "evidence" of purchase. This inadmissable hearsay is the sole proof of purchase offered by Plaintiffs after more than one-year of discovery.

3.5    Thus, for the above-stated reasons, Sam's East, Inc. is entitled to summary judgment as a matter of law.

**B.    *Even if Plaintiffs had evidence that the tires in question were purchased at Sam's Club in Brownsville, which they do not, there is no evidence that the tires were defective.***

3.6    The Plaintiffs have admitted that they are alleging that, at the time Defendant Sam's East Inc. took possession of the tire made the basis of this lawsuit, Defendant Sam's East, Inc. received a defective product from the manufacturer. ***See Plaintiff's Response to Def. Sam's East, Inc.'s First Request for Admissions, No. 3, attached hereto as Exhibit "C."*** Plaintiffs further state that they have no evidence or personal information that Sam's East, Inc. caused or created a defect in the product or that the product was altered by Sam's East in any way. ***See Plaintiff's Response to Def. Sam's East, Inc.'s First Request for Admission, Nos. 4, 5, 6, 8, 9, & 10, attached hereto as Exhibit "C."***

3.7    Thus, the only claim remaining against Sam's East, Inc. is a strict liability claims, based solely on it's statutory obligation as "seller" of a defective product. However,

it is Plaintiffs obligation to prove *that there was, indeed, a defective product* which was the direct causation of Plaintiffs' damages.

3.8    The Plaintiffs have failed to timely designate any witnesses who can testify that the Michelin Tires were defective or that any defect was causally connected to Plaintiffs' damages. On May 17, 2004, the deadline for designation of witnesses, plaintiffs designated five witnesses. None of the designated witnesses are prepared to address the issue of defective tires. *See Plaintiffs' Designation of Expert Witnesses, attached hereto as Exhibit "D."* Recognizing this obvious problem and faced with the prospects of Motions for Summary Judgment being filed by Michelin North America, Inc. and Sam's East, Inc., the plaintiffs requested an extension of time to designate a tire expert. The Court granted the Motion without a hearing and before Michelin or Sam's could prepare and file a response. Both Michelin and Sam's have requested that the Court reconsider the granting of Plaintiff's Motion for Extension of Time. Both motions in this regard are pending.

3.9    The Texas Supreme Court has made clear that  "[o]ne suing on a strict liability theory must produce evidence of a defect and must produce evidence of causation. *Turner v. General Motors, Corp. , 584 S.W.2d 844 (Tex. 1979).* As stated in *Carrol v. Ford Motor Co., 462 S.W.2d 57, 61 (Tex. App. - Houston [14th Dist.] 1970, no writ):* "The mere fact that the accident occurred is not sufficient proof that the automobile was defective."

3.10    In *Hernandez v. Nissan Motors in U.S.A., 740 S.W.2d 894 (Tex. App. - El Paso 1987, writ den.),* the court states, at 895:

> No expert witness of any sort was presented as to any defect that the automobile might have had.  Appellant relies on res ipsa loquitur being applicable, but such theory only allows an inference of negligence when the

character, of the accident is such that it would not ordinarily occur in the absence of negligence and that the instrumentality causing the injury is shown to have been under the management and control of the defendant. *Portufule v. Breneger*, 719 S.W.2d. 558, 559 (Tex. 1986).

3.11    Thus, Plaintiffs have no evidence of a defective tire or tires, as asserted in their petition against Michelin North American, Inc.  Because the products claims against Sam's East, Inc., as seller of Michelin products, are derivative of,  and dependant on Plaintiffs' claims against Michelin North American, Inc., the claims against Sam's East, Inc. must fail as well.  *See, **Mahan Volkswagen, Inc. v. Hall,** 648 S.W.2d 324 (Tex. app. - Houston [1st Dist.] 1983, writ ref'd n.r.e.).*

3.12    Defendant submitted Request for Admissions # 7, requesting that the Plaintiffs admit that they were not claiming any independent negligence of the part of Sam's East, Inc.  The plaintiff's denied this request.  However, this does not provide them with any facts with which to establish any independent acts of negligence on the part of Sam's.  Assuming for the sake of argument that the alleged independent act of negligence by Sam's was a failure to warn, it is axiomatic that the plaintiff's establish that it was Sam's who had a duty to warn in the first place.  The plaintiff's have failed to provide any admissible evidence that Sam's sold the tire in question.

## IV.

## CONCLUSION

4.1    After more than one full year of discovery, Plaintiffs have failed to elicit even a scintilla of admissible evidence that (1) Sam East, Inc. sold the product at issue; (2) Sam's East, Inc. altered or repaired the product at issue; (3) the product at issue was defective; (4) the product at issue either caused or contributed to cause Plaintiffs' damages; or (5) Sam's East, Inc. owed any duty of any nature to the Plaintiffs.

**WHEREFORE**, for all of the above-stated reasons, **SAM'S EAST, INC.**, respectfully requests that this Honorable Court grant its Motion; and that Movant be released, discharged and acquitted of the charges filed against it, and that Plaintiffs take nothing by reason of this suit against Sam's East, Inc.; and for such other and further relief, general and specific, legal and equitable, to which Movant may show itself entitled.

**B.**

## DEFENDANT SAM'S EAST, INC.'S ALTERNATIVE MOTION TO APPLY THE SUBSTANTIVE LAW OF MEXICO

**I**

### FACTS PERTINENT TO THIS MOTION

1.1    It is undisputed that the Plaintiffs' (and the deceased's) place of residence is C. Tamaulipas y Coahuila, Colonial Tamaulipas, Valle Hermoso, Tamaulipas 87500, Mexico. See **Plaintiffs' Response to Interrogatory No. 1, attached hereto as "Exhibit E."**

1.2    It is undisputed that this one vehicle accident occurred in the State of Tamaulipas, Country of Mexico.

1.3    It is undisputed that the deceased, Jose Angel Escobedo Rodriguez was treated for his injuries and died in Mexico.

1.4    It is undisputed that law enforcement authorities in the State of Tamaulipas, Country of Mexico, investigated and had jurisdiction over the accident made the basis of this suit.

1.5    It is undisputed that the owner of the vehicle involved in the accident installed the tires on the vehicle in the State of Tamaulipas, Country of Mexico.

1.6    There are no contracts involved in this case, nor any choice of law provisions

among the parties.

## II.

## STANDARDS OF LAW

2.1    In a diversity action, a federal court must apply the choice-of-law rules of the state in which it sits. *Klaxon v. Stentor Electrical Manufacturing, Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021-22 (1941).

2.2    Texas Courts have adopted the Restatement's "most significant relationship test" to determine the proper law to apply. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Application of the "most significant relationship" test does not turn on the number of contacts with one state, but more importantly on the qualitative nature of those contacts as affected by the policy factors set out in section 6 of the Restatement. *Crisman v. Cooper* Industries, 748 S.W.2d 273, 276 (Tex. app. - Dallas 1988, writ den.).

2.3    The "most significant relationship" test applies to each issue in the lawsuit. Therefore, it is necessary for the court to analyze liability and damages separately. *Bain v. Honeywell International, Inc.,* 257 F. Supp. 872 (E. D. Tex 2002).

2.4    The applicable Restatement factors are as follows:

    a)    the needs of the interstate and international systems,
    b)    the relevant policies of the forum,
    c)    the relevant policies of other interested states in the determination of
          the particular issue,
    d)    the protection of justified expectations,
    e)    the basic policies underlying the particular field of law,
    f)    certainty, predictability and uniformity of result, and
    g)    ease in the determination and application of the law to be applied.

## RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6.

*Section 145* of the Restatement lists the factual matters to be considered when applying Section 6, as follows:

1)    the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue has the *most significant relations to the occurrence and the parties under the principles stated in §6.*

2)    contacts to be taken into account in applying the principles of §6 to determining the law applicable to an issue include:

   a)    the place where the injury occurred,
   b)    the place where the conduct causing the injury occurred,
   c)    the domicile, residence, nationality, place of incorporation and place of business of the parties,
   d)    the place where the relationship, if any, between the parties is centered.

**RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145;** *De Aguilar v. Boing Co.,*

**47 F.3d 1404 (5th Cir. 1995).**

2.5    **Texas Civil Practice & Remedies Code § 71.031**, states that an action for

damages for the death or personal injury of a citizen of a foreign country, although the

wrongful act, neglect or default causing the death or injury takes place in a foreign state

or country , may be maintained in the courts of this state if certain specified conditions are

met.  It further states that the procedural law will be governed by the procedures of the

state; however, as stated in ¶ (c): "The court shall apply the rules of substantive law that

are appropriate under the facts of the case.

2.6    It should also be noted that **§71.05(a) of the Texas Civil Practice and**

**Remedies Code** gives the court discretion to stay or dismiss the action if it finds that in the

interest of justice the action would be more properly heard in a forum outside the state.

III.

**LEGAL ANALYSIS AND ARGUMENT**

As stated above, in §2.3, the liability and damages issues regarding conflict of laws

should be analyzed separately.

## A.    APPLICATION OF THE LAW REGARDING THE LIABILITY ISSUE

3.1    Applying the factual matters to be considered in § 145 of the Restatement to the facts of the present case, yields a strong indication that the law of Mexico should govern this case.  For example:

a.    It is undisputed that the injury forming the basis of the law suit occurred in Mexico.

b.    It is undisputed that the accident occurred in Mexico and that the tires were installed on the vehicle by the owner in Mexico.

c.    It is undisputed that the plaintiffs are all Mexican citizens residing in the Country of Mexico.

d.    There is clearly no relationship between the parties.  Neither Plaintiffs nor the decedent purchased the automobile or the tires.  Where there is no <u>direct</u> relationship prior to the accident between any of the Plaintiffs or Defendants, this is a factor to be considered.  **See, *Crisman v. Cooper Industries*, 748 S.W.2d 273, 276 (Tex. App. - Dallas 1988, writ den.)**

3.2    In ***Urena Taylor v. Daimler Chrysler Corporation,* 196 F. Supp.2d 428 (E.D. Tex. 2001),** a representative of a decedent's estate, a Mexican resident, brought an action against a tire manufacturer and an automobile manufacturer, which were United States residents, alleging that tire tread separation caused a motor vehicle accident in which the decedent died.  In that case, the defendants were not simply asking for the application of Mexican law, but for a dismissal on the basis of *forum non conveniens*.  The court noted that while ordinarily a plaintiff's choice of forum decision should be given deference, when the plaintiff is a citizen of a foreign country and is trying to avail herself

of the more-favorable laws of the United States, the foreign plaintiff's choice of law decision is given less deference.

3.3    The Court considered the various factors of the case, such as (1) the plaintiff was a Mexican citizen, (2) the accident occurred in Mexico, (3) and the Mexican authorities investigated the incident.  Despite the fact that the defendant corporations were domiciled in the United States, the Court concluded that the case had virtually no ties to the United States.  **Id. at 433.**  The Court further noted that while Mexican law does not have strict product liability causes of action, it does allow wrongful death causes of action; therefore, the lack of a strict liability cause of action does not render Mexican law inadequate. **Id. at 432.**

## B. APPLICATION OF THE LAW REGARDING THE DAMAGES ISSUES.

3.4    Even were this court to determine that the substantive law of the forum should apply as to liability issues, there should be no question that the law of Mexico should apply to any question of damages.  The Texas Supreme Court has held that in considering the purpose of compensatory damages, contacts such as the site of the injury or where the tortuous behavior occurred, which are important in determining which state's laws govern liability, are less important. ***Torrington Co. v. Stutzman,* 46 S.w.3d 829, 849 (Tex. 2000).**

In fact, under Texas law, the most important factor is not where the injury occurred but rather where the plaintiff is domiciled. ***Id.;* Accord *Bain v. Honeywell International, Inc.,* 257 F. Supp. 872, 874 (E.D. Tex. 2002).**  Under Texas law, "domicile" is defined as (i) an actual residence that is (ii) intended to be a permanent home. ***Snyder v. Pitts,* 150 Tex. 407, 341 S.W.2d 126, 139 (1951).**  There is no question that the Plaintiffs are domiciled

in Mexico.

## IV.

## CONCLUSION

Thus, Defendant Sam's East, Inc. contends that the various factors are overwhelming weighted toward application of the substantive law of Mexico as to both the liability and damages issues. Alternatively, Defendant would ask that if the Court determines that the law of the United States should be applied as to liability, that the law of Mexico be applied as to the damage issues. Upon granting of Defendant's Alternative Motion to Apply the Substantive Law of Mexico, Defendant Sam's East, Inc. will submit a copy of the applicable law of Mexico, duly translated by verified authority.

Respectfully submitted,

DRABEK & ASSOCIATES

Jaime A. Drabek
SBOT   06102410
Fed. I.D. #8643
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544 Telephone
956/428-4880 Facsimile
Counsel for Defendant Sam's East, Inc.

## CERTIFICATE OF CONFERENCE

A conference has been held on the merits of this Motion:

_____    I have been unsuccessful in my attempt to contact plaintiff's counsel.

_____    I have been unsuccessful in my attempts to discuss this matter with the opposing counsel as said attorneys have not returned my telephone calls or responded to my letter.

___✓___    This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____    Opposing counsel has agreed or is unopposed to Movant's request under this Motion.

_____

Jaime A. Drabek

## CERTIFICATE OF SERVICE

I, hereby certify that on this the ___**12th**___ day of **August, 2004,** a true and correct copy of the foregoing instrument was sent to all counsel of record by Facsimile, Certified Mail, Return Receipt Requested and/or hand delivery.

Mr. Ray R. Marchan                                                    *Via Hand Delivery*
**Watts Law Firm**
1926 E. Elizabeth
Brownsville, Texas   78520

Mr. Mikal C. Watts                                                    *Via Regular Mail*
**Watts Law Firm**
555 North Carancahua, Suite 1400
Corpus Christi, Texas   78478

Mr. Chris A. Blackerby                                                *Via Regular Mail*
**Brown McCarroll, L.L.P.**
111 Congress Avenue, Suite 1400
Austin, Texas   78701

Mr. Jaime A. Saenz                                                    *Via Regular Mail*
**Rodriguez, Colvin & Chaney**
P. O. Box 2155
Brownsville, Texas 78522

Ms. Jill Goldsmith                                                    *Via Regular Mail*
**Bowman & Brooke**
2929 N. Central, Suite 1700
Phoenix, Arizona   95012

Jaime A. Drabek

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



JUL 19 2004

JAIME DRABEK

FEBRIONA VIERA ESCOBEDO            §
INDIVIDUALLY AND AS               §
REPRESENTATIVE OF THE ESTATE      §
OF JOSE ANGEL ESCOBEDO            §
RODRIGUEZ, DECEASED; AND          §         CIVIL ACTION
LUIS ALBERTO ESCOBEDO VIERA       §
AND JOSE VIERA ESCOBEDO           §
                                  §         NO. B-03-135
                                  §
VS.                               §
                                  §
                                  §
FORD MOTOR COMPANY,               §
MICHELIN NORTH AMERICA, INC.      §
AND WALMART STORES, INC. DBA      §
SAM'S WHOLESALE CLUB              §

---

**PLAINTIFF FEBRIONA ESCOBEDO, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED, LUIS
ALBERTO ESCOBEDO VIERA, JOSE VIERA ESCOBEDO, JOSE ENRIQUE
ESCOBEDO VIERA RESPONSES TO DEFENDANT, SAM'S EAST, INC.'S
SECOND REQUEST FOR ADMISSIONS**

---

NOW COMES, FEBRIONA VIERA ESCOBEDO, INDIVIDUALLY, AND

AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO

RODRIGUEZ, DECEASED, LUIS ALBERTO ESCOBEDO VIERA, JOSE VIERA

ESCOBEDO, JOSE ENRIQUE ESCOBEDO VIERA, Plaintiff in the above styled

and numbered cause, by and through her attorney of record, WATTS LAW

FIRM, L.L.P., at 1926 East Elizabeth Street, Brownsville, Texas 78520, and

respectfully submits her Responses to Defendants' Second Requests for

Admissions, separately, fully, and in writing.

WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
Telephone Number: (956) 544-0500
Facsimile Number: (956) 541-0255

By: _____
Ray R. Marchan
Attorney for Plaintiff
State Bar No.12969050

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___13th___ day of July, 2004, a copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery, regular mail, or by certified mail, return receipt requested to:

Jaime A. Drabek
The Law Firm of Drabek & Associates
1720 E. Harrison, Ste. B
Harlingen, Texas  78550

Thomas M. Bullion, III
Brown, McCarrol, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas  78701

Jaime A. Saenz
Rodriguez, Colvin & Chaney
PO  Box 2155
Brownsville, Texas  78522

Ray R. Marchan

## REQUEST FOR ADMISSIONS

1.      Admit that the four (4) tires on the vehicle in question at the moment of the accident were not a matched set of four (4).

RESPONSE:  Can neither admit or deny as I have no personal knowledge of same.


2.      Admit that Juan Rangel bought the vehicle in question in April of 2001.

RESPONSE:  Can neither admit or deny as I have no personal knowledge of same.


3.      Admit that you have no evidence Sam's East, Inc. sold any tires to Juan Rangel in the last five (5) years.

RESPONSE:  Deny. Juan Rangel states that the tires on his vehicle were purchased at Sam's in Brownsville.


4.      Admit that you have no evidence that Sam's East, Inc. sold any tires to Juan Rangel and placed them on the 1994 Ford Ranger in question.

RESPONSE:  Deny. Juan Rangel states that the tires on his vehicle were purchased at Sam's in Brownsville.


5.      Admit that you have no evidence that Juan Rangel purchased the tire in question in any particular city, state or country.

RESPONSE:  Deny. Juan Rangel states that the tires on his vehicle were purchased at Sam's in Brownsville.


6.      Admit that you have no evidence that Juan Rangel purchased the tire in question from any particular Sam's location.

RESPONSE:  Deny. Juan Rangel states that the tires on his vehicle were purchased at Sam's in Brownsville.

# CONDENSED TRANSCRIPT/WORD CONCORDANCE
## of the Testimony of

# Juan Espinoza

**Date Taken:** July 8, 2004

**Case:** Febriona Viera Escobedo v. Ford Motor Co.

BATON ROUGE COURT REPORTERS, INC.
11832 Newcastle Ave., Suite 16
Baton Rouge, LA  70816
Phone: (225)292-8686
Fax: (225)292-4491
Email: brcourtreporters@aol.com

Page 1

1              IN THE UNITED STATES DISTRICT COURT

2                 SOUTHERN DISTRICT OF TEXAS

3                    BROWNSVILLE DIVISION

4                 CIVIL ACTION NO.:  B-03-135

5                    * * * * * * * * * * * * * *

6   FEBRIONA VIERA ESCOBEDO, INDIVIDUALLY AND AS

7   REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL

8   ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO

9   ESCOBEDO VIERA AND JOSE VIERA ESCOBEDO

10  VERSUS

11  FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND

12  WALMART STORES, INC., DBA SAM'S WHOLESALE CLUB

13          * * * * * * * * * * * * * * * * * * * * * * * *

14       The deposition of JUAN R. ESPINOZA, a Witness

15  herein, was taken through an interpreter at the

16  instance of the Defendant, Michelin North America,

17  Inc. herein, before and by Paige R. Robinson, a

18  Certified Court Reporter, License #94002, in and for

19  the State of Louisiana, and in conjunction with

20  videotaping provided by Video Reflections, Inc., at

21  the offices of Baton Rouge Court Reporters, Inc.,

22  located at 11832 Newcastle Avenue, Suite 16, Baton

23  Rouge, Louisiana, on the 8th day of July, 2004,

24  commencing at 2:05 P.M., and ending at 3:54 P.M.

25

Page 2

```
 1    APPEARANCES:

 2
      MR. RAY R. MARCHAN          ) For the Plaintiffs
 3    Attorney-at-Law            )
      1926 East Elizabeth        )
 4    Brownsville, TX  78520     )

 5
      MR. JAIME SAENZ            ) For the Defendant,
 6    Attorney-at-Law            ) Ford Motor Company
      P. O. Box 2155             )
 7    Brownsville, TX  78522     )

 8
      MR. CHRIS A. BLACKERBY     ) For the Defendant,
 9    Attorney-at-Law            ) Michelin North
      111 Congress Avenue        ) America, Inc.
10    Suite 1400                 )
      Austin, TX  78701          )
11
12    MR. JAIME A. DRABEK        ) For the Defendant,
      Attorney-at-Law            ) Walmart Stores, Inc.
13    1720 E. Harrison, Suite B  ) d/b/a Sam's Wholesale
      Harlingen, TX  78550       ) Club
14
15    ALSO PRESENT:

16    REGGIE POCHE, videographer

17    CECILIA TULRENT, interpreter

18

19

20

21

22

23

24

25
```

Page 3

1                        I N D E X

2                                         Page

3    STIPULATION. . . . . . . . . . . . . .4

4
     EXAMINATION BY:
5
6    MR. JAIME SAENZ. . . . . . . . . . . .6

7
     MR. CHRIS A. BLACKERBY. . . . . . . . . 48
8
9    MR. JAIME A. DRABEK. . . . . . . . . . .55

10
     MR. RAY R. MARCHAN. . . . . . . . . . . 57
11
12   CERTIFICATE. . . . . . . . . . . . . . .65

13
     READ AND SIGN AFFIDAVIT. . . . . . . . .66
14

15                    LIST OF EXHIBITS
16
     EXHIBIT NUMBER ONE. . . .Drawing
17
     EXHIBIT NUMBER TWO. . . .Photographs
18

19

20

21

22

23

24

25

Page 4

1                    S T I P U L A T I O N

2            IT IS STIPULATED AND AGREED by and between

3    the parties in the court proceeding above numbered

4    and entitled that the testimony of JUAN R. ESPINOZA,

5    a Witness in the above-captioned proceeding, shall be

6    taken through an interpreter at the instance of the

7    Defendant, Michelin North America, Inc. herein,

8    before and by Paige R. Robinson, a Certified Court

9    Reporter, License #94002, in and for the State of

10   Louisiana, and in conjunction with videotaping, on

11   the 8th day of July, 2004, at the offices of Baton

12   Rouge Court Reporters, Inc., located at 11832

13   Newcastle Avenue, Suite 16, Baton Rouge, Louisiana;

14   commencing at 2:05 P.M., and ending at 3:54 P.M.;

15   that the witness shall be sworn by said Court

16   Reporter so reporting; that the testimony shall be

17   taken under oral examination, reserving the right to

18   make objections, except as to the form of the

19   question and the responsiveness of the answer, until

20   the time of trial of this matter; that the reading

21   and signing of the deposition are not waived by the

22   parties and by the witness; and that said deposition

23   is being taken for all purposes as authorized under

24   the Federal Rules of Civil Procedure.

25

Page 5

```
 1          COURT REPORTER:
 2               This is the deposition of Juan Rangel
 3     Espinoza on behalf of the Defendant in the
 4     matter of "Febriona Viera Escobedo, individually
 5     and as representative of the estate of Jose
 6     Angel Escobedo Rodriguez, deceased; and Luis
 7     Alberto Escobedo Viera and Jose Viera Escobedo
 8     versus Ford Motor Company, Michelin North
 9     America, Inc., and Walmart Stores, Inc., d/b/a
10     Sam's Wholesale Club."
11          This case is pending in the United States
12     District Court, Southern District of Texas,
13     Brownsville Division, Civil Action Number
14     B-03-135.
15          This deposition is being held at the offices
16     of Baton Rouge Court Reporters located 11832
17     Newcastle Avenue, Suite 16, Baton Rouge,
18     Louisiana.
19          VIDEOGRAPHER:
20               Today is Thursday, July the 8th, 2004,
21     and we're commencing at 2:05.
22          My name is Reggie Poche representing Video
23     Reflections, Incorporated.  Paige Robinson is
24     the court reporter.
25          Will the attorneys present please identify
```

1          yourselves and your affiliations?

2               MR. SAENZ:

3                    Jaime Saenz, and I represent Ford Motor

4     Company.

5               MR. BLACKERBY:

6                    Chris Blackerby; I'm here on behalf of

7     Michelin.

8               MR. MARCHAN:

9                    Ray Marchan for the Escobedo family.

10              INTERPRETER:

11                   Cecilia Tulrent; I'm going to be

12     interpreter today.

13              MR. DRABEK:

14                   Jaime Drabek for Sam's.

15              MR. SAENZ:

16                   Okay.

17              VIDEOGRAPHER:

18                   Will the court reporter please swear in

19     the witness?

20     (REPORTER'S NOTE:  The following questions and

21     answers were translated through an interpreter

22     unless otherwise specified.)

23     JUAN R. ESPINOZA, having been first duly sworn,

24     was examined and testified as follows:

25   BY MR. SAENZ:

1    Q    Could you state your full name for the record,

2         please?

3    A    Juan Rangel Espinoza.

4    Q    Good afternoon, Mr. Espinoza.  My name is Jaime

5         Saenz, and I represent Ford Motor Company in a

6         lawsuit that's been filed on behalf of the

7         Escobedo family.

8              INTERPRETER:

9                   What's the name of the family?

10             MR. SAENZ:

11                  Escobedo.

12   BY MR. SAENZ:

13   Q    We're here to take your deposition today.  We're

14        going to ask you some questions about the

15        accident that forms the basis of the lawsuit.

16        And it's my understanding, Mr. Espinoza, that

17        you were driving the vehicle; is that correct?

18   A    Yes.

19   Q    Before I begin and ask you questions about the

20        accident, I'm going to ask you just some

21        background questions, if that's okay?

22   A    Yes.

23   Q    How old a man are you?

24   A    Thirty-one years old.

25   Q    And where do you live, sir?

Page 13

```
 1   A   The front part.

 2   Q   And do you remember what year it was that you

 3       purchased the vehicle used?

 4   A   To be quite honest, I don't remember.

 5   Q   Do you remember how many miles it had when you

 6       purchased it?

 7   A   No.

 8   Q   During the time you had the vehicle, did you

 9       experience any major mechanical problems?

10   A   No.

11   Q   And did you take it in for periodic servicing

12       any place that you can remember?

13   A   In Mexico, I would take it all the time.

14   Q   And where would you take it in Mexico?

15   A   With a friend, with a mechanic.

16   Q   Would this be where you would take it to him

17       just for ordinary maintenance type of things for

18       the vehicle?

19   A   Yes.

20   Q   Changing the oil, the filter, checking the

21       tires, that was all done by this mechanic?

22   A   Yes.

23   Q   Now, if you remember, the tires that were on

24       this vehicle, were they the same tires that were

25       on the vehicle when you purchased the vehicle
```

Page 14

```
 1          from the friend of your employer?
 2    A     I'm sorry.  I don't understand you.
 3    Q     Sure.  Did you ever change out the tires after
 4          you bought the vehicle?
 5    A     Yes.
 6    Q     On how many occasions did you do that?
 7    A     About two times.
 8    Q     The tires that were on the vehicle when they
 9          accident occurred, where did you purchase those
10          tires?
11    A     My brother bought a station wagon in Mexico.
12              INTERPRETER:
13                  I'm sorry.
14    A     And the station wagon that my brother bought
15          had -- those tires was on it.
16    BY MR. SAENZ:
17    Q     And do you know what the model was of the
18          station wagon?
19    A     It was around 1978.
20    Q     Do you know what make of vehicle?
21    A     Dutch.
22    Q     Now, would it be one tire, two tires, or all
23          four tires?
24    A     The four tires.
25    Q     If you remember, Mr. Espinoza, how long was that
```

```
 1        before the accident occurred?  Was it a couple

 2        of months before, was it a year, if you

 3        remember?

 4   A    About three weeks.

 5             MR. DRABEK:

 6                  How long?

 7             THE WITNESS:

 8                  Tres semanas, dos semanas.

 9             MR. DRABEK:

10                  Thank you.

11   BY MR. SAENZ:

12   Q    And if you know, did those tires come with the

13        station wagon or had -- was it your brother or

14        brother-in-law?  I'm sorry.

15   A    My brother.

16   Q    Did your brother buy those tires someplace?

17   A    The person, the owner of the station wagon, had

18        brought them.

19   Q    At Sam's?

20   A    At Sam's, yes.

21   Q    And how did you know that?  Who told you that?

22   A    My brother.

23   Q    And what's your brother's name, and where does

24        he live, sir?

25   A    Jorge Rangel Espinoza, and he lives in Valle
```

Page 16

```
 1        Hermosa.
 2   Q    Okay.  So your brother told you that those four
 3        tires came from a Sam's store?
 4   A    Yes.
 5   Q    And did your brother tell you from which Sam's
 6        store and what city that those four tires were
 7        purchased?
 8   A    The only thing that I know is that it was in
 9        Brownsville.
10   Q    Did your brother tell you when those tires were
11        purchased in Brownsville?
12   A    No, because he didn't buy them himself.
13   Q    Does he know who it was that bought them?
14   A    From a teacher in Valle Hermosa.
15   Q    Do you know that teacher's name in Valle
16        Hermosa?
17   A    No.
18   Q    Now, did your brother sell the tires to you or
19        he just gave those tires to you for use in --
20   A    He lent them to me to go to Houston, you know,
21        in order to go on because one of my brothers had
22        had an accident.
23   Q    And what did they do with the tires for the
24        station wagon?  Did they purchase some new tires
25        for that wagon?
```

| | | |
|---|---|---|
| 1 | A | No.  We put the ones that I had on my truck, |
| 2 | | because that truck at that time was not moving |
| 3 | | too much. |
| 4 | Q | Okay.  I see.  So what you did is you just |
| 5 | | traded out the tires?  You put the tires from |
| 6 | | the '94 Ranger into the station wagon and the |
| 7 | | station wagon's tires onto the '94 Ranger? |
| 8 | A | Yes. |
| 9 | Q | Did the station wagon belong to the teacher or |
| 10 | | did the station wagon belong to your brother? |
| 11 | A | It was my brother's.  He had brought it from the |
| 12 | | teacher. |
| 13 | Q | Okay.  Who changed out the tires?  Did you do |
| 14 | | that or did somebody else do that? |
| 15 | A | We did it at our house. |
| 16 | Q | "We," as in you and your brother? |
| 17 | A | At the house we all -- all of us do all types of |
| 18 | | things. |
| 19 | Q | Now, at that time, were you living in the same |
| 20 | | house as your brother? |
| 21 | A | No.  The houses are close together.  I would |
| 22 | | live with my father and with my family and he |
| 23 | | would live in the house next door. |
| 24 | Q | For the weeks leading up to when the accident |
| 25 | | occurred, did you have any problems with the |

Page 56

1          When did he?

2        MR. DRABEK:

3          Yes.  When did his brother display it

4      to him?

5        INTERPRETER:

6          When did your brother -- I'm sorry, Mr.

7      Drabek.  When did your brother --

8  BY MR. DRABEK:

9  Q    When did your brother display the receipt to

10     you?

11       INTERPRETER:

12         Okay.

13  A    The attorney that the Escobedo family hired,

14     they were going to handle the case on my part.

15     On my behalf it was not possible to file a

16     lawsuit or anything because we couldn't find the

17     receipt for the tires and neither the title for

18     the truck.  After my brother had told me that,

19     he looked for the receipt, and he never found

20     it.

21  BY MR. DRABEK:

22  Q    Have you ever seen the receipt?

23  A    No.

24  Q    And your brother looked for it but couldn't find

25     it, correct?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FEBRIONA VIERA ESCOBEDO          §
INDIVIDUALLY AND AS               §
REPRESENTATIVE OF THE ESTATE      §
OF JOSE ANGEL ESCOBEDO            §
RODRIGUEZ, DECEASED; AND          §          CIVIL ACTION
LUIS ALBERTO ESCOBEDO VIERA       §
AND JOSE VIERA ESCOBEDO           §
                                  §          NO. B-03-135
                                  §
VS.                               §
                                  §
FORD MOTOR COMPANY,               §
MICHELIN NORTH AMERICA, INC.      §
AND WALMART STORES, INC. DBA      §
SAM'S WHOLESALE CLUB              §



**PLAINTIFF FEBRIONA ESCOBEDO, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ RESPONSES TO DEFENDANT, SAM'S EAST INC.'S FIRST REQUEST FOR ADMISSIONS**

NOW COMES, FEBRIONA VIERA ESCOBEDO, INDIVIDUALLY, AND

AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO

RODRIGUEZ Plaintiff in the above styled and numbered cause, by and through

her attorney of record, WATTS LAW FIRM, L.L.P., at 1926 East Elizabeth Street,

Brownsville, Texas 78520, and respectfully submits her responses to Defendants'

Requests for Production, separately, fully, and in writing.

WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
Telephone Number: (956) 544-0500
Facsimile Number: (956) 541-0255

By: _____
Ray R. Marchan
Attorney for Plaintiff
State Bar No.12969050

6-22-04

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of June, 2004, a copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery, regular mail, or by certified mail, return receipt requested to:

Jaime A. Drabek
The Law Firm of Drabek & Associates
1720 E. Harrison, Ste. B
Harlingen, Texas 78550

Thomas M. Bullion, III
Brown, McCarrol, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701

Jaime A. Saenz
Rodriguez, Colvin & Chaney
PO Box 2155
Brownsville, Texas 78522

Ray R. Marchan

## REQUEST FOR ADMISSIONS

1.     Admit that your allegation in this lawsuit against Defendant, Sam's East, Inc. is for the distribution of a defective product in the State of Texas.

RESPONSE:  Deny.

2.     Admit that you are not making any allegations in this lawsuit that Defendant, Sam's East, Inc. manufactured a defective product in any way.

RESPONSE:  Admit.

3.     Admit that, at the time Defendant, Sam's East, Inc. took possession of the tire made the basis of this lawsuit, you are alleging that Defendant, Sam's East, Inc. received a defective product from the manufacturer.

RESPONSE:  Admit.

4.     Admit that you are not alleging in this lawsuit, in any way, that Defendant, Sam's East, Inc.'s created a defect in the product made the basis of this lawsuit.

RESPONSE:  Can neither admit or deny as discovery is ongoing.

5.     Admit that there is no evidence that Sam's East, Inc. caused or created the alleged defective product.

RESPONSE:  Can neither admit or deny as discovery is ongoing.

6.     Admit that you are aware of no evidence that Sam's East, Inc. caused or created the alleged defective product.

RESPONSE:  Can neither admit or deny as discovery is ongoing.

7.     Admit that no independent acts or omissions of negligence apart from the sale and/or distribution of the alleged product are being alleged against Wal-Mart Stores, Inc.

RESPONSE:  Deny.

8.     Admit that you are not aware of any evidence showing that an independent act of Sam's East, Inc. caused a defect in the alleged product.

RESPONSE: Can neither admit or deny as discovery is ongoing.


9.    Admit that the tire was in substantially the same condition when it left the manufacturer's control that it was in at the time it was sold by Sam's East, Inc.

RESPONSE: Can neither admit or deny as Plaintiffs have no personal knowledge of same at this time.


10.    Admit that you have no evidence that Sam's East, Inc. altered the product made the basis of this lawsuit in any way.

RESPONSE: Can neither admit or deny as Plaintiffs have no personal knowledge of same at this time.



# WATTS LAW FIRM LLP

Ray R. Marchan
Attorney at Law

Telephone: 956.544.0500
Facsimile: 956.541.0255

May 17, 2004

U.S. District Court
For the Southern District of Texas
Brownsville, Texas 78520

**Re:**   **Civil Action No. B-03-135**
**Febriona Viera Escobedo, et al vs. Ford Motor Company, et al**
**Plaintiffs' Initial Designation of Experts**

Dear Sirs:

Enclosed herewith please find Plaintiffs Initial Designation of Experts for filing with the papers of this cause.

By copy of this letter, I am forwarding a copy of the same to opposing counsel as indicated below.

Thank you.

Yours truly,

WATTS LAW FIRM, L.L.P.

Ray R. Marchan

RRM:lety
encs.
cc:   Mr. Thomas M. Buillion, III
      Mr. Jaime Drabek
      Mr. Jaime Saenz – hand deliver

Corpus Christi • Houston • San Antonio • Brownsville • McAllen

Fort Brown Plaza • 1926 East Elizabeth Street • Brownsville, Texas 78520
Email: rrmarchan@wattslawfirm.com



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE ANGEL ESCOBEDO | § | |
| RODRIGUEZ, DECEASED;  AND | § | CIVIL ACTION |
| LUIS ALBERTO ESCOBEDO VIERA | § | |
| AND JOSE VIERA ESCOBEDO | § | NO. B-03-135 |
| | § | |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| AND WALMART STORES, INC. DBA | § | |
| SAM'S WHOLESALE CLUB | § | |

## PLAINTIFF'S INITIAL DESIGNATION OF EXPERTS

NOW COMES, Febriona Viera Escobedo, Individually and as Representative of

the Estate of Jose Angel Escobedo Rodriguez, Deceased, and Luis Alberto Escobedo

Viera and Jose Enrique Viera Escobedo and Jose Angel Escobedo, Plaintiffs, as shown

on the attached Exhibit "A", subject to the following:

I.

Plaintiffs reserve the right to supplement this designation with additional

designations of experts within the time limits imposed by the court or any alterations of

same by subsequent Court Order or agreement of the parties, or pursuant to the Federal

Rules of Civil Procedure and/or the Federal Rules of Civil Evidence.

II.

Plaintiffs reserve the right to elicit, by way of cross-examination, opinion

testimony from experts designated and called by other parties to the suit. Plaintiffs

express their intention to possibly call, as witnesses associated with adverse parties, any of Defendants' experts.

## III.

Plaintiffs reserve the right to call undesignated rebuttal expert witnesses whose testimony cannot reasonably be foreseen until the presentation of the evidence against Plaintiffs.

## III.

Plaintiffs reserve the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial, and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiffs reserve the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, which would be of benefit to the jury to determine material issues of fact, and which would not be violative of any existing Court Order or the Texas Rules of Civil Procedure.

## V.

Plaintiffs hereby designate, as adverse parties, potentially adverse parties, and/or as witnesses associated with adverse parties, all parties to this suit and all experts designated by any party to this suit, even if the designating party is not a party to the suit at the time of trial. In the event a present or future party designates an expert but then is dismissed for any reason from the suit or fails to call any designated expert, Plaintiffs reserve the right to designate and/or call any such party or such experts previously designated by any party.

## VI.

### DESIGNATION OF MEDICAL DOCTORS & NURSES

In addition to the above designations, Plaintiffs refer you to the medical records and nurses' notes, from which the identities of medical doctors and nurses may be determined. Plaintiffs hereby designate such doctors, nurses and caregivers as experts who may be called to testify as expert witnesses at the time of trial to prove up the reasonableness and medical necessity of Plaintiffs' expenses. See attached Exhibit "B."

## VII.

Plaintiffs reserve whatever additional rights they might have with regard to experts, pursuant to Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence, the case law construing same, and the rulings of the trial court.

Respectfully submitted this the /1 day of May, 2004.

WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
Telephone Number: (956) 544-0500
Facsimile Number: (956) 541-0255


Ray R. Marchan
Attorney for Plaintiffs
State Bar No.12969050
Federal I.D. No. 9522

## CERTIFICATE OF SERVICE

On this the 17 day of May, 2004, a true and correct copy of the foregoing

instrument was forwarded to all counsel via facsimile, by hand-delivery, or by certified

mail, return receipt requested.

Jaime A. Drabek
The Law Firm of Rabek & Associates
1720 E. Harrison, Ste. B
Harlingen, Texas 78550

Thomas M. Bullion, III
Brown, McCarrol, L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701

Jaime A. Saenz
Rodriguez, Colvin & Chaney
P.O. Box 2155
Brownsville, Texas 78522

Ray R. Marchan

EXHIBIT "A"

EXPERT WITNESS LIST

PLAINTIFFS retained experts are:

1.   Andy Irwin

2.   Dr. Joseph Burton

3.   John Stilson

4.   Dr. David Feltoon

5.   Stephen M. Horner, Ph.D.

The descriptions provided below each retained experts name are not intended to be an exhaustive list of the areas to be addressed by the expert. Likewise, the listing of documents or materials reviewed by any expert are not necessarily a complete listing of the materials contained within the expert's file. Rather, this information is being furnished to provide opposing counsel with an indication of the general areas that the expert will address and to provide guidance on the types of information or materials that the expert has or will review in connection with his/her work in this case. All of the materials provided to, reviewed by, or prepared by or for each expert are available immediately for inspection and copying upon request. Further, these materials will be made available at each expert's deposition.

Dr. Joseph Burton

Burton & Associates

1378414 Highway 9

Alpharetta, GA 30004

(770) 777-0437

Dr. Burton has been a licensed medical doctor for many years and the Medical Examiner for several counties surrounding metropolitan Atlanta. Dr, Burton will

provide testimony on crash injuries, injury causation, occupant kinematics, injury tolerance levels, mechanisms of Plaintiffs' injury, and other causation issues presented in this matter. Dr. Burton may testify about his educational background and work experience to the extent it is relevant to his testimony and opinions in this case. Dr. Burton has reviewed discovery exchanged between the parties, photographs of the scene and vehicles, medical records, radiology films, and depositions. He has also inspected the Ford F-150 and reviewed relevant technical literature. Dr. Burton's opinions and the basis for his opinions are described in his report. Dr. Burton's C.V. and report are being produced by Plaintiffs and are incorporated herein by reference. See the report for additional materials Dr. Burton has reviewed.


Dr. Burton will be provided for deposition upon reasonable request and his deposition and deposition exhibits are incorporated herein by reference, when taken. Please contact the undersigned to schedule Dr. Burton's deposition.


Andy/Steve Irwin

The Irwin Company

5746 Richmond Avenue

Dallas, IX 7S206

(214) 320-8686

Mr. Irwin is an expert in accident reconstruction and has knowledge regarding his reconstruction of the incident made the basis of this lawsuit, about the speed of the vehicles involved, the forces present at time of impact and during rollover, and the changes in velocity experienced by the vehicles involved in the incident. Mr. Irwin may testify about his educational background and work experience to the extent it is relevant to his testimony and opinions in this case. Mr. Irwin may also testify about traffic safety and related liability issues. Mr. Irwin has reviewed discovery exchanged between the parties and depositions taken in this cause. He has inspected the vehicle and the scene. He has reviewed photographs and technical literature relevant to his areas of expertise. Mr. Irwin's opinions and the basis of his opinions are described in his report. Mr. Irwin's C.V. is attached hereto and are incorporated herein by reference. See his report for additional materials he has reviewed.


Mr. Irwin will be provided for deposition upon reasonable request and his deposition and deposition exhibits are incorporated herein by reference, when taken. Please contact the undersigned to schedule Dr. Irwin's deposition.

John Stilson

Stilson Consulting

18S44 Old Gages Lake Road

Wildwood, IL 60030

(847) 223-3101

Mr. Stilson is an engineer who may testify as to liability issues in this case, the cause of the accident, negligence, gross negligence and malice. Mr. Stilson will testify about liability issues concerning door latches, safer alternative design, other similar incidents, the applicability of the NHTSA inquiry and related liability issues, including those discussed in his report. Mr. Stilson's opinions and the basis of his opinions are described in his report. Mr. Stilson's CV is attached hereto and the report is being preapred. See his report for additional materials he has reviewed.

Mr. Stilson will be provided for deposition upon reasonable request and his deposition and deposition exhibits are incorporated herein by reference, when taken. Please contact the undersigned to schedule Mr. Stilson's deposition.

H. David Feltoon, Ph.D.
Clinical & Neuropsychology
8025 Chalk Knoll
Austin, Texas 78735
(512) 750-7164

Dr. H. David Feltton is a clinical psychologist. He also holds a Ph.D. in Clinical and Neuropsychological. In general, Dr. Feltton will testify regarding his evaluations of Plaintiffs. He will testify regarding his opinions of the present and future psychological effect and damages that accident has had on Plaintiffs. See CV and report attached hereto.

Stephen M. Horner, Ph.D.

Economic, Business & Statistical Consulting

P. O. Box 2685

Corpus Christi, Texas  78403

(361) 883-1686

Dr. Horner is an economist who will be testifying regarding the economical damages of the plaintiffs. See CV attached hereto.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



FEBRIONA VIERA ESCOBEDO        §
INDIVIDUALLY AND AS            §
REPRESENTATIVE OF THE ESTATE   §
OF JOSE ANGEL ESCOBEDO         §
RODRIGUEZ, DECEASED;  AND      §      CIVIL ACTION
LUIS ALBERTO ESCOBEDO VIERA    §
AND JOSE VIERA ESCOBEDO        §
                               §      NO. B-03-135
                               §
VS.                            §
                               §
FORD MOTOR COMPANY,            §
MICHELIN NORTH AMERICA, INC.   §
AND WALMART STORES, INC. DBA   §
SAM'S WHOLESALE CLUB           §

**PLAINTIFF FEBRIONA ESCOBEDO VIERA, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ'S
ANSWERS TO DEFENDANT WAL-MART STORES, INC'S
FIRST SET OF INTERROGATORIES**

NOW COMES, FEBRIONA ESCOBEDO VIERA, INDIVIDUALLY AND AS

REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ,

Plaintiff in the above styled and numbered cause, by and through her attorney of

record, WATTS LAW FIRM, L.L.P., at 1926 East Elizabeth Street, Brownsville, Texas

78520, and respectfully submits her responses to Defendants' First Set of Interrogatories,

separately, fully, and in writing.

                    WATTS LAW FIRM, L.L.P.
                    1926 East Elizabeth Street
                    Brownsville, Texas 78520
                    Telephone Number: (956) 544-0500
                    Facsimile Number: (956) 541-0255


By: _____
                    Ray R. Marchan
                    Attorney for Plaintiff
                    State Bar No.12969050

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___26th___ day of September, 2003, a copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery, regular mail, or by certified mail, return receipt requested to:

> Jaime A. Drabek
> The Law Firm of Drabek & Associates
> 1720 E. Harrison, Ste. B
> Harlingen, Texas  78550
>
> Thomas M. Bullion, III
> Brown, McCarrol, L.L.P.
> 111 Congress Avenue, Suite 1400
> Austin, Texas  78701
>
> Jaime A. Saenz
> Rodriguez, Colvin & Chaney
> PO  Box 2155
> Brownsville, Texas  78522

_____
Ray R. Marchan

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify yourself giving your full name (including any and all other names used by you, maiden name, if applicable), date of birth, social security number, present residence address, business address, occupation, telephone number and marital status.

| | | |
|---|---|---|
| ANSWER: | Name: | Febriona Viera Escobedo |
| | Address: | C. Tamaulipas y Coahuila |
| | | Col. Tamaulipas |
| | | Valle Hermoso, Tamaulipas 87500 |
| | DOB: | January 27, 1949 |
| | SSN: | 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 |
| | Marital Status: | Jose Angel Escobedo Rodriquez |

INTERROGATORY NO. 2: Please state the extent of your formal education, including the names and places of all schools you attended, the grade which you completed or degree(s) which you were awarded.

ANSWER: I attended schools up to the 4th grade at Antonio Casos Elementary in Valle Hermoso, Mexico.

INTERROGATORY NO. 3: Have you ever been charged or convicted with any criminal offense? If so, please state in sufficient detail the nature and dates of the charge; and, the disposition of the charge or conviction.

ANSWER: Not applicable.

INTERROGATORY NO. 4: Please state each and every fact, known to you, upon which you base your allegation in Plaintiffs Original Petition that the tires, which you allege were sold by Sam's Club, were inadequately designed from a handling and stability standpoint.

ANSWER:    Defendants Wal-mart Stores, Inc. D/B/A Sam's Wholesale Club committed acts of omission and commission, including the failure to exercise reasonable care with regard to the tires at issue and negligently failing to adequately warn the buyer of the tires propensity to lose stability.  Will supplement.

INTERROGATORY NO. 5: Please identify who purchased the tires from Sam's Club, the date the tires were purchased from Sam's Club, and who installed the tires on the Ford Bronco.

ANSWER:  I do not know.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO,<br>INDIVIDUALLY AND AS<br>REPRESENTATIVE OF THE ESTATE<br>OF JOSE ANGEL ESCOBEDO<br>RODRIGUEZ, DECEASED; AND<br>LUIS ALBERTO ESCOBEDO VIERA<br>AND JOSE VIERA ESCOBEDO<br>    Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 03-CV-135 |
| vs. | §<br>§<br>§ | |
| FORD MOTOR COMPANY,<br>MICHELIN NORTH AMERICA, INC. AND<br>SAM'S EAST, INC., INCORRECTLY<br>NAMED AS WAL-MART STORES, INC. | §<br>§<br>§<br>§ | |

## AFFIDAVIT OF JAIME A. DRABEK

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF CAMERON** | § |

Before me, the undersigned Notary Public, on this day personally appeared Jaime A. Drabek, who, after being duly sworn, stated under oath as follows:

1.    "My name is Jaime A. Drabek and I am attorney of record for Sam's East, Inc., Defendant in the above-captioned cause. I am over the age of eighteen years and understand the significance of taking an oath. This affidavit is based on my personal knowledge.

2.    "Attached hereto is a true and correct copy the Responses of Plaintiffs to Defendant Sam's East, Inc.'s Second Request for Admission, designated as "Exhibit A."

3.    "Attached hereto is a true and correct excerpts of the transcript of the deposition testimony of Juan Rangel Espinoza taken on July 8, 2004, designated as "Exhibit B."

4.    "Attached hereto is a true and correct copy of the Responses of Plaintiffs to Defendant Sam's East, Inc.'s First Request for Admission, designated as