# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## —BROWNSVILLE DIVISION—

|  |  |  |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO, | § | United States District Court<br>Southern District of Texas<br>ENTERED |
| Individually and as Representative | § | |
| of the Estate of Jose Angel Escobedo | § | OCT 2 2 2004 |
| Rodriguez, Deceased, and LUIS | § | |
| ALBERTO ESCOBEDO VIERA, | § | Michael N. Milby, Clerk of Court |
| JOSE VIERA ESCOBEDO, and | § | By Deputy Clerk _____ |
| Jose Angel Escobedo, Jr., | § | |
| Plaintiffs, | § | |
|  | § | |
| v. | § | CIVIL NO. B-03-135 |
|  | § | |
| FORD MOTOR COMPANY, | § | |
| MICHELIN NORTH AMERICA, INC., | § | |
| and WALMART STORES, Inc., d/b/a | § | |
| SAM'S WHOLESALE CLUB, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Walmart Stores, Inc.'s, d/b/a Sam's Wholesale Club

("Walmart") Motion for Summary Judgment or Alternative Motion to Apply the Substantive

Law of Mexico.[1] For the reasons elaborated below, the Court **GRANTS** Walmart's motion for

summary judgment and **DENIES** as moot the Motion to Apply the Substantive Law of Mexico.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a single vehicle rollover accident that occurred on or about July 19,

2002. Plaintiffs Febriona Viera Escobedo, Individually and as Representative of the Estate of

Jose Angel Escobedo Rodriguez, Deceased, and Luis Alberto Escobedo Viera, Jose Viera

---

[1] Walmart maintains that its correct name is Sam's East, Inc. and that Plaintiffs
incorrectly identified it in their Petition. To avoid confusion, the court will refer to the defendant
as Walmart, the name that appears in the style of this case.

Escobedo, and Jose Angel Escobedo, Jr. ("Plaintiffs") are the survivors and heirs of Jose Angel

Escobedo Rodriguez ("Escobedo"). Escobedo was a passenger in a 1994 Ford Ranger driven by

the owner of the vehicle, Juan Rangel Espinoza ("Espinoza").[2] Plaintiffs originally filed suit in

the 357th Judicial District in Cameron County, Texas, on May 29, 2003, against Ford, the

manufacturer of the Ford Ranger; Michelin North America, Inc., the manufacturer of the Ford

Ranger's tires; and Walmart, the entity that Plaintiffs allege sold the tires that were on the Ford

Ranger at the time of the accident. Walmart removed the case to federal court on July 31, 2003,

on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs brought a strict products liability action against Walmart as the seller of the tires

pursuant to Section 82.001 et. seq. of the Texas Civil Practice and Remedies Code and also

alleged that Walmart was negligent in failing to warn of a defect in the tires that it sold.[3]

Walmart filed a Motion for Summary Judgment or Alternative Motion to Apply the Substantive

Law of Mexico, contending that Plaintiffs have no proof that Walmart sold the tires. To date,

Plaintiffs have not filed a response.

## II. STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue

exists as to any material fact and that the movant is entitled to judgment as a matter of law.

---

[2] Plaintiffs' Original and Second Amended Petitions refer at times to the vehicle at issue as a Ford Ranger XLT and, at other times, as a Ford Ranger Pickup. See, e.g., Original Petition at ¶ 4.1, ¶ 7.1.

[3] Section 82.001(3) defines a "seller" as a "person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof. TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(3).

Fed.R.Civ.P. 56(c); <u>Skaughter v. Southern Tale Co.</u>, 949 F.2d 167, 170 (5th Cir. 1991). Summary judgment cannot be granted by default simply because the opposing party failed to respond to the summary judgment motion, even if the failure to oppose it violates a local rule. <u>Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima</u>, 776 F.2d 1277, 1279 (5th Cir. 1985). However, where no response is filed, the court may accept as true the movant's version of the facts and grant summary judgment when a prima facie case for entitlement is made. <u>Eversley v. Mbank Dallas</u>, 843 F.2d 172, 174 (5th Cir. 1988).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. <u>Id.</u> at 322-24. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports its claim." <u>Ragas v. Tennessee Gas Pipeline Co.</u>, 136 F.3d 455, 458 (5th Cir. 1998). Summary judgment is appropriate when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] ... case with respect to which [it] ... has the burden of proof. <u>Celotex</u>, 477 U.S. at 323. Finally, summary judgment evidence is viewed in the light most favorable to the party opposing the motion. <u>Rosado v. Deters</u>, 5 F.3d 119, 122 (5th Cir. 1993).

## III. DISCUSSION

The court holds that summary judgment in favor of Walmart is proper. In order for Walmart

to be liable, Plaintiffs must establish that Walmart was the seller of the tires that were on the Ford Ranger at the time of the accident. Walmart, however, submits with its motion the deposition testimony of Espinoza. Espinoza testified that the tires came from a station wagon Espinoza's brother, Jorge, purchased in Mexico. Walmart's Motion at Exhibit B, p. 14. Espinoza further testified that the former owner of the station wagon, whose name he did not know, informed Jorge that he purchased the tires in question at Sam's in Brownsville. Id. at 15-16.. Hearsay evidence in depositions is not suitable when considering a summary judgment motion. Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547, 549 (5th Cir. 1987). Consequently, as Plaintiffs never responded to Walmart's motion, the summary judgment record contains not even a scintilla of evidence showing that Walmart sold the tires. Accordingly, Plaintiffs have no proof that Walmart was the seller of the tires or that Walmart owed any duty to Plaintiffs. Summary judgment is therefore appropriate.

## IV. CONCLUSION

Based on the foregoing, the court grants Walmart's summary judgment motion, docket number 60.

Signed in Brownsville, Texas, the 22nd day of October, 2004.

Andrew S. Hanen
United States District Judge