United States District Court
Southern District of Texas
FILED

JAN 1 9 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FEBRIONA VIERA ESCOBEDO INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE ANGEL ESCOBEDO RODRIGUEZ, DECEASED; AND LUIS ALBERTO ESCOBEDO VIERA, JOSE VIERA ESCOBEDO and JOSE ANGEL ESCOBEDO, JR. | § § § § § § § § § | CIVIL ACTION |
| V. | § § | NO. B-03-135 |
| FORD MOTOR COMPANY, MICHELIN NORTH AMERICA, INC. AND WALMART STORES, INC. D/B/A SAM'S WHOLESALE CLUB | § § § § | |

### DEFENDANT FORD MOTOR COMPANY'S RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE AND WITHDRAW COURT'S MEMORANDUM OPINION AND ORDERS OF OCTOBER 22, 2004 AND OCTOBER 25, 2004

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ford Motor Company opposes, *in part,* plaintiffs' motion to set aside and withdraw this Court's Memorandum Opinion and Orders of October 22, 2004 and October 25, 2004.

1. With respect to this Court's ruling on docket numbers 41 and 42 (Sections I, II, III.A and III.B of this Court's October 25, 2004 Memorandum Opinion and Order), plaintiffs' motion[1] *should be denied.* It is disingenuous to suggest that this motion is nothing more than "a house-cleaning matter" (page 3, Motion to Withdraw).

---

[1] Ford sincerely doubts "plaintiffs" care about this motion. This motion is instead filed on behalf of plaintiffs' counsel for reasons unrelated to *this* litigation.

1

AUS:2534544.1
31102.95910

2. *Way, way* back on June 10, 2004, Ford Motor Company filed the following two motions:

    (a)    Motion for Partial Summary Judgment on the Issue of Post-Sale Duty to Recall or Warn Claim (docket entry number 41); and

    (b)    Motion for Partial Summary Judgment on the Issue of a Misrepresentation Claim (docket entry number 42).

To this very day, plaintiffs have *never* filed an opposition. Notably, plaintiffs' current motion to set aside favors neither opposing counsel nor this Court with any argument or citation of authority, etc. of why the legal reasoning of this Court was in error in granting either of *those two motions*. The suggestion that had counsel filed *anything* this Court would have denied both motions is presumptuous, at best.

3. Plaintiffs' motion to set aside states that but for the settlement they would have timely filed responses to Ford's motions for summary judgment. This is simply not true. The local rules of the Southern District, stated then, and state now, that "failure to respond will be taken as a representation of no opposition." Local Rule 7.4. This Court's disposition of the motions for partial summary judgment (docket entry numbers 41 and 42) did not, as plaintiffs suggest, "result [sic] from the mistaken belief that the parties still had between them a live controversy" (page 3, Motion to Withdraw). It resulted from the fact that those two motions (docket entry number 41 and number 42) were under the local rules of this district - UNOPPOSED. Counsel never directly states that the failure to file a response to either of these two motions (docket numbers 41 and 42) was an oversight, mistake, etc. The two motions for summary judgment referred to by counsel in his affidavit were *NOT* docket entries 41 and 42. Under the local rules of this district, docket entry numbers 41 and 42 were submitted for a ruling by this Court way back in late June, *before the parties ever began discussing settlement.*

Plaintiffs' motion provides absolutely no *good cause* for setting aside the ruling on two UNOPPOSED motions.

4. Section III.A of this Court's October 25, 2004 Memorandum Opinion and Order contains a purely legal analysis on the non-existence of a private cause of action under Texas *and/or federal law* imposing upon product manufacturers a post-sale duty to warn or recall. This Court's detailed legal analysis is correct. On the interpretation of federal law, this Court's analysis should be persuasive to other courts. The analysis being correct, and in fact plaintiffs, by having tacitly conceded the validity of the motion in the first instance by *never* filing any response thereto, it should not be withdrawn. The complaint allegations quoted on page 7 of this Court's October 25, 2004 Memorandum Opinion and Order can be, and are, found in literally dozens of similar petitions and complaints filed across this state by the Watts Law Firm and other counsel who copy their pleadings by rote. In each case, the plaintiff is claiming the right to bring a federal cause of action under the Safety Act. This Court is *the first* court to address and reject that particular question of *federal law*. The legal analysis is not incorrect, nor should the order be withdrawn merely as a "housekeeping matter."

5. Yes, Ford's counsel is relying upon this Court's analysis in Section III.A as persuasive authority in other cases – because the legal analysis is correct and the analysis involves a question of federal law appropriately the domain of a federal court to interpret. *Ford's counsel has never used that portion of this Court's order concerning Dr. Burton, and has no intent to do so*. With regard to the portion of this Court's Memorandum Opinion and Order concerning Dr. Burton (Section III.D), Ford has no opposition to the Court setting aside and withdrawing *THAT* section.

WHEREFORE, PREMISES CONSIDERED, Ford Motor Company prays that plaintiffs' motion be in all things denied, or in the alternative, that this Court withdraw by separate order only the Court's discussion in portions III.D1-4 of this Court's October 25, 2004 Memorandum Opinion and Order.

RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.

By: _____
Jaime A. Saenz
State Bar No. 17514859
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record in compliance with the Federal Rules of Civil Procedure on this ____ day of January, 2005:

Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520

Tom Bullion
BROWN MCCARROLL, L.L.P.
111 Congress Avenue, Suite 1400
Austin, TX 78701

_____
Jaime A. Saenz

4

AUS:2534544.1
31102.95910